COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| | § | |
| CHRISTOPHER L. GAY AND STEVEN L. CARROLL, | § | No. 08-13-00028-CV |
| Appellants, | § | Appeal from |
| v. | § | 30th District Court |
| THE CITY OF WICHITA FALLS, TEXAS, | § | of Wichita County, Texas |
| | § | (TC # 177,392A) |
| Appellee. | § | |
| | § | |

## **O P I N I O N**

Christopher L. Gay and Steven L. Carroll challenge the trial court's order granting the City of Wichita Falls' plea to the jurisdiction based on governmental immunity. The underlying controversy arises from the denial of Gay's and Carroll's claims for long-term disability benefits under insurance provided to them by their former employer, the City of Wichita Falls. Because we conclude that the City is immune from suit, we affirm the trial court's order.[1]

---

[1] This appeal proceeded on an unaccelerated basis until June 7, 2013, when the City, in a motion seeking a briefing extension, first asserted that it was accelerated pursuant to Section 51.014 of the Texas Civil Practice and Remedies Code. In its brief, the City contends that Gay and Carroll's notice of appeal, filed thirty days after the trial court granted the City's plea to the jurisdiction, was untimely pursuant to TEX.R.APP.P. 26.1(b)(requiring notice in an accelerated appeal to be filed within twenty days after judgment or order signed). The City contends that *any* order granting or denying a governmental unit's plea to the jurisdiction is interlocutory pursuant to Section 51.014(a)(8). *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(8)(West Supp. 2013). We disagree. The grant or denial of a governmental plea is interlocutory only if it fails to dispose of all claims or parties before the trial court. *Id.*; *Fox v. Wardy*, 318 S.W.3d 449, 452 (Tex.App.--El Paso 2010, pet. denied). The trial court's order disposed of all parties

**FACTUAL AND PROCEDURAL BACKGROUND**

Prior to their retirement in 2011, Gay and Carroll were police officers for the Wichita Falls Police Department. Before the officers retired, the City of Wichita Falls sought and obtained group long-term disability insurance for its employees through a private insurer, Sun Life Assurance Company of Canada. More specifically, a trust organized by the City, the "City of Wichita Falls Employee Benefits Trust," obtained the group insurance. The insurance policy, which the City stipulates is contractual in nature, is between the trust and Sun Life. The City is not a party to the contract and the trust is not a party to this action.

Once the trust obtained the insurance, the City paid the monthly premiums for its employees, including Officers Gay and Carroll. The officers' coverage began on January 1, 2011, shortly before they retired. After their retirement, both officers filed claims seeking disability benefits. Sun Life informed the officers that because their claims were filed less than twelve months after coverage began, they would be subjected to a pre-existing condition review. Ultimately, Sun Life denied their claims. The officers filed suit against the City of Wichita Falls on August 1, 2012, alleging breach of contract, promissory estoppel, negligent misrepresentation

and claims and was thus final. The cases relied upon by the City involved orders leaving parties or issues remaining in the trial court, and are thus inapposite. *Denton County v. Huther*, 43 S.W.3d 665, 666 (Tex.App.--Fort Worth 2001, no pet.); *Allen v. Havens*, No. 2-05-318-CV, 2007 WL 805477, at *2 (Tex.App.--Fort Worth 2007, no pet.)(mem. op.); and *Payne, et al v. City of Frisco,* No. 02-13-00264-CV, 2013 WL 5303584, at *1 (Tex.App.--Fort Worth 2013, no pet.)(mem. op.). In a supplemental letter of authorities filed on January 8, 2014, the City urges that the Fort Worth court's citation in *Payne* of a Corpus Christi case, *Vallejo v. Cameron Cnty.*, supports its argument. *See Payne*, 2013 WL 5303584, at *1, *citing Vallejo v. Cameron Cnty.*, No. 13-13-00181-CV, 2013 WL 2367992, at *1 (Tex.App.--Corpus Christi May 30, 2013, no pet.)(mem. op.). Although parties in *Payne* clearly remained before the trial court, the City asserts that *Vallejo* involved a "dismissal of all claims by all parties." We reject this argument. First, even if the City is correct about the procedural state of *Vallejo*, *Paynes'* citation of *Vallejo* does not establish that it is the precedent of the Fort Worth Court of Appeals to treat all orders granting or denying a governmental plea to the jurisdiction as interlocutory, regardless of remaining parties or issues. *See id.* Further, it is not clear that *Vallejo* indeed stemmed from an order dismissing all claims and parties. While the *Vallejo* opinion notes that the trial court "dismissed the cause," it does not elaborate about the state of all parties or issues before the trial court. *Vallejo*, 2013 WL 2367992, at *1. Additionally, the appellant in *Vallejo* failed to respond to the appellate court's notice that the appeal "appeared" to be interlocutory and thus untimely filed. *Id.*

2

and fraud. The pleading does not specifically identify the agreement or agreements that are the subject of these causes of action, other than to allege generally that:

> Plaintiffs were promised and informed by City of Wichita Falls employees and/or agents that they both would received [sic] long term disability benefits for life. The Plaintiffs were promised and informed by City of Wichita Falls employees and/or agents that the City will take care of the Plaintiffs.

The City responded with a plea to the jurisdiction asserting governmental immunity. It produced evidence that it does not administer the insurance policy at issue, does not make any decisions concerning coverage, and has no discretion as to how benefits are administered by Sun Life. The City also introduced evidence that neither it nor any of its employees made any decisions regarding the officers' disability claims, coverage eligibility, or entitlement to benefits. On November 5, 2012, the trial court granted the City's plea to the jurisdiction and dismissed the suit with prejudice. This appeal follows. We perceive the officers' brief to present a single issue for review concerning the trial court's error in granting the plea. We will address it by subparts relating to specific claims alleged.

## STANDARD OF REVIEW

Governmental immunity protects municipalities like the City of Wichita Falls from lawsuits for damages and from liability.[2] *Ben Bolt-Palito Blanco Consolidated Independent School District v. Texas Political Subdivisions Property/Casualty Joint Self-Insurance Fund*, 212 S.W.3d 320, 323-24 (Tex. 2006). Municipalities have governmental immunity from suit unless the Legislature has expressly waived immunity by statute. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). It is the Legislature's sole province to waive or abrogate governmental immunity. *Texas Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 353

---

[2] Sovereign immunity, as distinguished from governmental immunity, protects the State of Texas and its agencies and officials from lawsuits and liability. *Ben Bolt*, 212 S.W.3d at 324. Governmental immunity refers to the protection afforded to political subdivisions such as counties, cities, school districts, and others. *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n.3 (Tex. 2003).

3

(Tex. 2013), *quoting Mission Consol. Independent School Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008) and *Texas Nat'l Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). There is a "heavy presumption" in favor of immunity. *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007).

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Texas Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). To invoke a trial court's jurisdiction, a plaintiff suing a municipality must allege a valid waiver of governmental immunity and plead sufficient facts demonstrating jurisdiction. *Id.* at 226. In reviewing a ruling on a plea to the jurisdiction, we do not consider the merits of the cause of action, but examine only the plaintiff's pleadings and any evidence relevant to the jurisdictional inquiry. *Id.* at 227; *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Pleadings must be construed liberally in the plaintiffs' favor. *Miranda*, 133 S.W.3d at 227. The existence of subject matter jurisdiction is a question of law that we review *de novo*. *IT-Davy*, 74 S.W.3d at 855. If the suit is barred by governmental immunity, dismissal with prejudice is mandatory. *Harris County v. Sykes*, 136 S.W.3d 635, 637 (Tex. 2004).

## BREACH OF CONTRACT AND PROMISSORY ESTOPPEL

The officers contend that the City is not immune from their contract and promissory estoppel claims because it provided insurance to its employees, which the officers contend was a proprietary rather than governmental act. The common law distinction between proprietary and governmental acts (sometimes referred to as the proprietary/governmental "dichotomy") arose almost 130 years ago. *City of Galveston v. Posnainsky*, 62 Tex. 118 (1884). Under the dichotomy, governmental immunity exists when a municipality exercises powers "as the agent

4

of the State in furtherance of general law for the interest of the public at large." *Gates v. City of Dallas*, 704 S.W.2d 737, 738-39 (Tex. 1986). Conversely, when a municipality acts at its own discretion and primarily for the benefit of those within its corporate limits, it performs a proprietary function and has no immunity. *Id.* In 1987, the Texas Constitution was amended to give the Legislature authority to define governmental and proprietary functions, including the authority to reclassify definitions already existing in the common law. TEX.CONST. art. XI, § 13. The Legislature utilized this authority when it enacted Section 101.0215 of the Texas Civil Practice and Remedies Code. TEX.CIV.PRAC.&REM.CODE ANN. § 101.0215 (West Supp. 2013) (defining several governmental and proprietary functions for purposes of the Texas Tort Claims Act).

In 2005, the Legislature enacted Section 271.152 of the Local Government Code, which unambiguously waives immunity for certain contractual claims against qualifying governmental entities. TEX.LOC.GOV'T CODE ANN. § 271.152 (West 2005). For this limited waiver to apply, three elements must be established: (1) the party against whom waiver is asserted must be a "local governmental entity," (2) authorized to enter into contracts, and (3) the entity must have in fact entered into a "contract subject to this subchapter." *Williams*, 353 S.W.3d at 134; TEX.LOC.GOV'T CODE ANN. § 271.152. To qualify as a "contract subject to this subchapter," the contract must satisfy five additional elements: (1) it must be in writing, (2) state the essential terms of the agreement, (3) provide for goods or services, (4) to the local governmental entity, and (5) be executed on behalf of the local governmental entity. *Id.* at 135; TEX.LOC.GOV'T CODE ANN. § 271.151 (West Supp. 2013).

The issue presented in this appeal is whether the City's entitlement to immunity is determinable under Section 271.152 of the Local Government Code or the

proprietary/governmental dichotomy. In support of their argument that the dichotomy controls, the officers rely on a line of cases holding that a city's provision of insurance to employees is a proprietary function, thereby subjecting the city to suit on contractual claims. *Gates*, 704 S.W.2d at 739; *Temple v. City of Houston*, 189 S.W.3d 816, 819 (Tex.App.--Houston [1st Dist.] 2006, no pet.); *Bailey v. City of Austin*, 972 S. W.2d 180, 192 (Tex. App.--Austin 1998, pet. denied); *Casso v. City of McAllen*, No. 13-08-00618-CV, 2009 WL 781863, at *5-7 (Tex.App.-- Corpus Christi Mar. 26, 2009, pet. denied)(mem. op.). According to the officers, these cases establish that the City does not have immunity in the first instance such that there is no immunity to be waived. The City counters that the absence of any mention of the proprietary/governmental dichotomy in Chapter 271 means the Legislature decided to abandon application of the dichotomy to contract-based claims.

Our sister courts in San Antonio and Austin have recently addressed the continuing applicability of the dichotomy following the enactment of Chapter 271 and reached opposite conclusions. *See City of San Antonio ex rel. City Public Service Board v. Wheelabrator Air Pollution Control, Inc.*, 381 S.W.3d 597, 603-05 (Tex.App.--San Antonio 2012, pet. denied); and *City of Georgetown v. Lower Colorado River Authority*, 413 S.W.3d 803, 811 (Tex.App.-- Austin 2013, pet. dism'd). In *Wheelabrator*, the San Antonio court analyzed the issue in the context of a quasi-contractual *quantum meruit* claim asserted against a city in relation to its operation of a public utility. *Wheelabrator*, 381 S.W.3d at 599. The city hired the plaintiff, Wheelabrator, to design and build emission control equipment at a coal-fired power station, but thereafter refused to release retained funds. *Id.* In response to Wheelabrator's suit, the city asserted that it was immune from quasi-contractual claims pursuant to Chapter 271. *Id.* at 600. Wheelabrator argued that operating the utility was a proprietary act, and thus, that the city had

no immunity in the first instance. *Id*. at 603. The San Antonio court rejected Wheelabrator's argument, holding that the proprietary/governmental dichotomy is not applicable to claims sounding in contract. *Id*. at 603-06. Unlike the Texas Tort Claims Act, which specifically incorporates the dichotomy into its framework, Chapter 271 does not. *See* TEX.LOC.GOV'T CODE ANN. §§ 271.151-271.160 (West 2005 & West Supp. 2013). The court observed that the Legislature "easily could have included the proprietary/governmental dichotomy it used in the tort-claims context in the contract-claims scheme, but chose not to do so." *Wheelabrator*, 381 S.W.3d at 605. Courts must defer to the Legislature to waive immunity from contract claims so as to protect the Legislature's policy-making function. *Tooke v. City of Mexia,* 197 S.W.3d 325, 332 (Tex. 2006).

In *City of Georgetown v. Lower Colorado River Authority*, a divided panel of the Austin Court of Appeals considered an identical argument in relation to a contract to sell electricity to a city acting as a municipal utility. *City of Georgetown*, 413 S.W.3d at 803. The majority analyzed the history of the proprietary/governmental dichotomy and concluded that there was no principled reason why the dichotomy should apply to tort claims but not contract claims under the common law. *Id.* at 811. "Without such a principled reason," the court explained, it was "reluctant to overturn our own precedent or disagree with persuasive authority from the majority of our sister courts on the issue." *Id.* at 811. The court took Chapter 271's silence regarding the dichotomy to mean that the Legislature may not have intended to abandon it: "Given that chapter 271 does not mention the proprietary-governmental dichotomy in any respect, there is no plain statutory text from which we can determine whether the legislature intended to abandon the dichotomy for contract claims." *Id.* at 812. This is where we differ with the Austin court's approach. It is the Legislature's sole province to waive immunity, and absent "clear and

7

unambiguous" statutory language, courts are to assume that it has not done so. TEX.GOV'T CODE ANN. § 311.034 (West 2013); *Williams*, 353 S.W.3d at 134.

We do not consider the cases cited in *City of Georgetown* to be persuasive in light of the fact that they predate both Section 271.152 and the Supreme Court's opinion in *Tooke v. City of Mexia*.[3] *See Tooke*, 197 S.W.3d at 325. Although some of these cases acknowledged that the proprietary/governmental dichotomy was originally a tort doctrine, they "mostly assumed, without explanation," that the dichotomy was equally applicable to contractual claims. *City of Georgetown*, 2013 WL 4516110, at *5. We believe that this assumption must be reexamined in light of *Tooke* and Section 271.152.[4]

The Supreme Court clarified in *Tooke* that it has never held the proprietary/governmental dichotomy to be determinative of immunity from suit in contractual claims. *Tooke*, 197 S.W.3d at 343. As both the *City of Georgetown* and *Wheelabrator* opinions acknowledge, this pronouncement, at a minimum, calls *Gates* into doubt. *See Gates*, 704 S.W.2d at 739 (noting that, "[c]ontracts made by municipal corporations in their proprietary capacity have been held to be governed by the same rules as contracts between individuals"); *see also Wheelabrator*, 381 S.W.3d at 604, and *City of Georgetown*, 413 S.W.3d at 810.

---

[3] *See City of Georgetown*, 413 S.W.3d at 810 n.4, *citing Temple v. City of Houston*, 189 S.W.3d 816, 819-20 (Tex.App.--Houston [1st Dist.] 2006, no pet.); *City of Roman Forest v. Stockman,* 141 S.W.3d 805, 811 (Tex.App.--Beaumont 2004, no pet.); *City of Mexia v. Tooke*, 115 S.W.3d 618, 624-25 (Tex.App.--Waco 2003), *aff'd*, 197 S.W.3d 325, 347 (Tex. 2006); *Williams v. City of Midland*, 932 S.W.2d 679, 683-84 (Tex.App.--El Paso 1996, no writ); *City of Houston v. Southwest Concrete Constr., Inc*., 835 S.W.2d 728, 732-33 (Tex.App.--Houston [14th Dist.] 1992, writ denied); *City of Dallas v. Moreau*, 718 S.W.2d 776, 779-80 (Tex.App.--Corpus Christi 1986, writ ref'd n.r.e.); *International Bank of Commerce of Laredo v. Union Nat. Bank of Laredo*, 653 S.W.2d 539, 546 (Tex.App.--San Antonio 1983, writ ref'd n.r.e.); *Blythe v. City of Graham*, 287 S.W.2d 527, 530 (Tex.App.--Fort Worth 1956, writ ref'd n.r.e.); *Boiles v. City of Abilene*, 276 S.W.2d 922, 925 (Tex.App.--Eastland 1955, writ ref'd); *City of Crosbyton v. Texas-New Mexico Util. Co*., 157 S.W.2d 418, 420-21 (Tex.App.--Amarillo 1941, writ ref'd w.o.m.); and *Texas One P'ship v. City of Dallas*, No. 05-92-01097-CV, 1993 WL 11621, at *3 (Tex.App.--Dallas Jan. 15, 1993, writ denied)(not designated for publication). While *Temple* did not predate the enactment of Section 271.152, the case does not consider the proprietary/governmental dichotomy in light of Section 271.152. *See Temple*, 189 S.W.3d at 819-20.

[4] Cases relied upon by Gay and Carroll likewise predate *Tooke* and/or Section 271.152. *See Temple*, 189 S.W.3d at 819; *Bailey*, 972 S.W.2d at 192.

8

While *Tooke* did not detail the reasons for its dissociation from *Gates*, it is now certain that our Supreme Court has not endorsed application of the proprietary/governmental dichotomy as the first step in determining a municipality's entitlement to immunity from contract-based claims. This comports with the court's instruction that "the distinction between waiving immunity and finding it nonexistent is a fine one that yields the same effect and, '[d]ue to the risk that the latter could become a ruse for avoiding the Legislature, courts should be very hesitant to declare immunity nonexistent in any particular case.'" *Nueces County v. San Patricio County*, 246 S.W.3d 651, 652 (Tex. 2008), *quoting City of Galveston*, 217 S.W.3d at 471. "We can avoid basing today's decision on our personal inferences only by adhering to the traditional rule that requires unambiguous legislation before setting immunity aside." *City of Galveston*, 217 S.W.3d at 474.

We recognize that cases decided after *Tooke* have entertained arguments for application of the proprietary/governmental dichotomy in contract-based suits, but these opinions did not squarely address the issue inasmuch as they determined that the municipality was engaged in a governmental function. *See, e.g., City of San Antonio v. Reed S. Lehman Grain, Ltd.,* No. 04-04-00930-CV, 2007 WL 752197, at *3 (Tex.App.--San Antonio Mar. 14, 2007, pet. denied); *East Houston Estate Apartments, L.L.C. v. City of Houston,* 294 S.W.3d 723, 731-32 (Tex.App.--Houston [1st Dist.] 2009, no pet.); *City of Emory v. Lusk,* 278 S.W.3d 77, 83 (Tex.App.--Tyler 2009, no pet.); *City of Houston v. Petroleum Traders Corp.,* 261 S.W.3d 350, 355-56 (Tex.App.--Houston [14th Dist.] 2008, no pet.); *City of Weslaco v. Borne,* 210 S.W.3d 782, 790-93 (Tex.App.--Corpus Christi 2006, pet. denied). The only post-*Tooke* case that has applied the dichotomy to waive governmental immunity in a contract-based suit is *Casso*. *See Casso*, 2009 WL 781863, at *4-7. Nonetheless, *Casso* does not consider Section 271.152, and it

does not analyze *Tooke* in terms of its impact on *Gates. See id.*

Thus, we find ourselves in agreement with *Wheelabrator.* If the Legislature intended to have the proprietary/governmental dichotomy continue to be the first step in determining a municipality's entitlement to immunity from suit, thereby destroying immunity in the context of proprietary functions, it could have incorporated the dichotomy into Chapter 271. Because it did not, we presume that the Legislature did not intend to eradicate governmental immunity from suit for contract-based claims stemming from proprietary acts. W*heelabrator*, 381 S.W.3d at 599. "[T]his Court presumes the Legislature deliberately and purposefully selects words and phrases it enacts, as well as deliberately and purposefully omits words and phrases it does not enact." *Texas Mutual Insurance Co. v. Ruttiger*, 381 S.W.3d 430, 451 (Tex. 2012), *citing Tex. Lottery Comm'n v. First State Bank of DeQueen,* 325 S.W.3d 628, 635 (Tex. 2010). Having determined that the dichotomy does not apply, we do not reach the issue of whether the City of Wichita Falls acted in a proprietary or governmental capacity by providing insurance to its employees.

The officers' quasi-contractual promissory estoppel claim, based upon oral representations and promises made by the City's agents and/or employees, falls outside of the limited scope of waiver contained in Section 271.152 of the Local Government Code. TEX.LOC.GOV'T CODE ANN. § 271.152. The waiver applies only to a "written contract." TEX.LOC.GOV'T CODE ANN. § 271.151. Because an implied contract is not a written contract, the City is immune from the promissory estoppel claim. *Somerset Independent School District v. Casias*, No. 04-07-00829-CV, 2008 WL 1805533, at *3 (Tex.App.--San Antonio Apr. 23, 2008, pet. denied)(mem. op.). We must now determine what constitutes the written contract that forms the basis of the breach of contract claim. The officers do not tell us. Their brief makes

10

reference to a 2011 pamphlet entitled, "Employee Benefits Summary," which Gay and Carroll refer to alternately as the City's "contract with Sun Life" and the "benefits policy." This document specifies, however, that it is not a contract: "This is a brief summary and not intended to be a contract." It also states that while it is intended to "highlight or summarize" certain aspects of the disability insurance provided by the City, it is not "an official plan document," and it explains that the employees' "rights and obligations under the program(s) are set forth in the official plan documents." To the extent that Gay and Carroll rely on the actual insurance policy (although neither their pleadings nor their brief takes that position), immunity is nonetheless preserved.

As we have already noted, the trust organized by the City obtained the group insurance. The policy is between the trust and Sun Life. The City is not a party to it. Consequently, the City did not "enter into a contract" subject to Subchapter I of Chapter 271 of the Local Government Code. TEX.LOC.GOV'T CODE ANN. § 271.152. The officers do not allege that the City can be subjected to suit on a contract to which only the trust is a party. The City is thus immune from the breach of contract claim.

**NEGLIGENT MISREPRESENTATION**

With regard to their negligent misrepresentation claim, the officers complain that the City "represented and promised to [the officers] that they both would receive long term disability benefits. . . . [The officers] justifiably relied on [the City's] representation when [they] made financial decisions to retire and plan for their financial future." More detail regarding this matter is provided elsewhere in the petition:

> [The officers] became medically disabled during their employment with the City of Wichita Falls. During the period in which [the officers] were making their decisions to take early retirement, [the City] promised and represented to [them]

11

that they would receive upon retirement disability benefits from the City of Wichita Falls for life.

To establish a cause of action for negligent misrepresentation, a plaintiff must demonstrate, among other things, that the defendant supplied "false information" for the guidance of others in their business. *Airborne Freight Corp. v. C.R. Lee Enter., Inc*., 847 S.W.2d 289, 295 (Tex.App.--El Paso 1992, writ denied). "Significantly, the sort of 'false information' contemplated in a negligent misrepresentation case is a misstatement of *existing fact*," as opposed to false information about a "promise of future conduct." [Emphasis in original]. *Id.* at 295, 298. When a negligent misrepresentation claim is based upon allegedly false information about a future promise rather than an existing fact, the claim sounds not in tort, but in contract. *See id*.; *see also Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 674-75 (Tex.App.--Houston [1st. Dist.] 1996, no writ).

Through reference to the pleadings alone, it is clear that the negligent misrepresentation claim is duplicative of the contract-based claims. The claim sounds in contract, not tort. The officers have not identified a waiver of immunity and the City is entitled to immunity.

**FRAUD**

The officers also advance common law fraud and fraud by nondisclosure claims. These claims, like their negligent misrepresentation claim, are premised on the breach of a future promise rather than the misrepresentation or nondisclosure of an existing fact. A fraud claim is duplicative of a breach of contract claim "[i]f the defendant's conduct would give rise to liability only because it breaches the parties' agreement." *Farah*, 927 S.W.2d at 674, *citing Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). We look to the substance of the cause of action rather than the manner in which it was pleaded. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 617 (Tex. 1986). Regardless of which cause of action is

12

considered, the claims center exclusively on the City's promise of long term disability benefits and the subsequent denial of those benefits. As such, the claims fall under the purview of Sections 271.152 of the Local Government Code. But Section 271.157 specifies that Subchapter I of Chapter 271 does not waive immunity for negligent or intentional torts. TEX.LOC.GOV'T CODE ANN. § 271.157.

Because the Legislature's limited waiver of governmental immunity from suit in Chapter 271 does not waive the City's immunity for the officers' claims, and because the proprietary-governmental distinction does not apply in the context of contract-based claims, the City is immune from suit. We overrule the sole point and affirm the trial court's order granting the City's plea to the jurisdiction.

August 13, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

13