ACCEPTED
03-15-00309-CV
5802501
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/24/2015 11:26:16 AM
JEFFREY D. KYLE
CLERK

NO. 03-15-00309-CV

| | | |
|---|---|---|
| CITY OF AUSTIN and THE UNITED | § | IN THE THIRD |
| HEALTHCARE CHOICE PLUS PLAN | § | |
| FOR CITY OF AUSTIN EMPLOYEES, | § | |
| | § | |
| Appellants, | § | COURT OF APPEALS IN |
| v. | § | |
| | § | |
| CHARLES LESNIAK, | § | |
| | § | |
| Appellee. | § | AUSTIN, TEXAS |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/24/2015 11:26:16 AM
JEFFREY D. KYLE
Clerk

## JOINT APPELLANTS' BRIEF

## ORAL ARGUMENT IS REQUESTED

Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Lance V. Clack
Texas Bar No. 24040694
lance.clack@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Fax)

ATTORNEYS FOR APPELLANT
THE UNITED HEALTHCARE CHOICE PLUS
PLAN FOR CITY OF AUSTIN EMPLOYEES

Andralee Cain Lloyd
State Bar No. 24071577
andralee.lloyd@austintexas.gov
Megan Mosby
State Bar No. 24073392
megan.mosby@austintexas.gov

CITY OF AUSTIN – LAW DEPARTMENT
P. O. Box 1546
Austin, Texas 78767-1546
(512) 974-2918
(512) 974-1311 (Fax)

ATTORNEYS FOR APPELLANT
CITY OF AUSTIN

## IDENTITY OF PARTIES AND COUNSEL

| **Appellant** | **Trial and Appellate Counsel** |
|---|---|
| The United Healthcare Choice Plus Plan for City of Austin Employees | Andrew G. Jubinsky<br>Texas Bar No. 11043000<br>andy.jubinsky@figdav.com<br>Lance V. Clack<br>Texas Bar No. 24040694<br>lance.clack@figdav.com<br>FIGARI + DAVENPORT, LLP<br>901 Main Street, Suite 3400<br>Dallas, Texas 75202<br>(214) 939-2000 |

| **Appellant** | **Trial and Appellate Counsel** |
|---|---|
| The City of Austin | Andralee Cain Lloyd<br>State Bar No. 24071577<br>andralee.lloyd@austintexas.gov<br>Megan Mosby<br>State Bar No. 24073392<br>megan.mosby@austintexas.gov<br>CITY OF AUSTIN – LAW DEPARTMENT<br>P. O. Box 1546<br>Austin, Texas 78767-1546<br>(512) 974-2918 |

| **Appellee** | **Trial and Appellate Counsel** |
|---|---|
| Charles Lesniak | Amar Raval<br>araval@plummerlawyers.com<br>James C. Plummer<br>jplummer@plummerlawyers.com<br>PLUMMER & KUYKENDALL<br>4203 Montrose Blvd., Suite 270<br>Houston, Texas 77006<br>(713) 522-2887 |

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. ii

INDEX OF AUTHORITIES...........................................................................................iv

STATEMENT OF THE CASE.........................................................................................1

APPELLANTS' STATEMENT REGARDING ORAL ARGUMENT....................1

ISSUE PRESENTED........................................................................................................1

      1.     Whether the Trial Court erred in denying Appellants' plea
to the jurisdiction. ...........................................................................................................1

STATEMENT OF FACTS ...............................................................................................2

      A.     The Plan.    .............................................................................................2

      B.     Appellee's Claims. ..................................................................................3

SUMMARY OF ARGUMENT .......................................................................................4

ARGUMENT .....................................................................................................................5

      A.     Standard of Review on Appeal................................................................5

      B.     Governmental Immunity. ........................................................................5

      C.     The Plan is Immune From Suit and Liability.......................................7

      D.     Appellee Has Not Pled a Valid Waiver of Immunity. .........................8

           1.     The Proprietary/Governmental Function Distinction Does
                Not Apply....................................................................................8

           2.     Appellee did not plead a valid waiver of immunity under
                Chapter 271. ...........................................................................10

PRAYER ...........................................................................................................................10

CERTIFICATE OF COMPLIANCE ................................................................. 12

CERTIFICATE OF SERVICE .......................................................................... 12

APPENDIX

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. City of San Antonio*,
    120 S.W.3d 5 (Tex. App.—San Antonio 2003, pet. denied)...................................5

*Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political
    Subdivisions Prop./Cas. Joint Self-Ins. Fund*,
    212 S.W.3d 320 (Tex. 2006) ...............................................................................5, 7

*City of Georgetown v. Lower Colorado River Authority*,
    413 S.W.3d 803 (Tex. App.—Austin 2013, pet. dism'd) ......................................9

*City of San Antonio ex rel. City Pub. Serv. Bd. v. Wheelabrator Air Pollution
    Control, Inc.*,
    381 S.W.597 (Tex. App.—San Antonio 2012, pet. denied).................................8

*Dallas County Mental Health and Mental Retardation v. Bossley*,
    968 S.W.2d 339 (Tex. 1998) .................................................................................5

*East Houston Estate Apartments, LLC v. City of Houston*,
    294 S.W.3d 723 (Tex. App.—Houston [1st Dist.] 2009, no pet.) .......................10

*Foster v. Teacher Ret. Sys.*,
    273 S.W.3d 883 (Tex. App.—Austin 2008, no pet.)..............................................8

*Gay v. City of Wichita Falls*,
    457 S.W.3d 499 (Tex. App.—El Paso 2014, no pet.) ....................................7, 8, 9

*General Services Com'n v. Little-Tex Insulation Co., Inc.*,
    39 S.W.3d 591 (Tex. 2001) ...................................................................................6

*Gentilello v. University of Texas Southwestern Health Systems*,
    2014 WL 1225160 (Tex. App.—Dallas, 2014)......................................................6

*Humana Ins. Co. v. Mueller*,
    2015 WL 1938657, No. 04-14-752-CV (Tex. App.—San Antonio, April
    29, 2015, no pet. h.).............................................................................................9

*Lubbock County Water Control & Imp. Dist. v. Church & Akin, L.L.C.*,
    442 S.W.3d 297 (Tex. 2014) ...............................................................................10

*Mayhew v. Town of Sunnyvale,*
 964 S.W.2d 922 (Tex.1998) ..................................................................... 5

*Republic Power Partners, L.P. v. City of Lubbock,*
 424 S.W.3d 184 (Tex. App.—Amarillo 2014, no pet.) ...................................... 8, 9

*Richardson Hosp. Auth. v. Duru,*
 387 S.W.3d 109 (Tex. App.—Dallas 2012, no pet.) ............................................. 7

*State v. Lueck,*
 290 S.W.3d 876 (Tex. 2009) ...................................................................... 5

*Tex. Natural Res. Conservation Comm'n v. IT-Davy,*
 74 S.W.3d 849 (Tex. 2002) ........................................................................ 5

*Texas Ass'n of Bus. v. Texas Air Control Bd.,*
 852 S.W.2d 440 (Tex. 1993) ...................................................................... 6

*Texas Dep't of Parks and Wildlife v. Miranda,*
 133 S.W.3d 217 (Tex. 2004) .................................................................... 5, 6

*Texas Dept. of Pub. Safety v. Int'l Capital Corp.,*
 40 S.W.3d 687 (Tex. App.—Austin 2001, no pet.) .......................................... 5

*Texas Dept. of Transportation v. Jones,*
 8 S.W.3d 636 (Tex. 1999) ......................................................................... 7

*Tooke v. City of Mexia,*
 197 S.W.3d 325 (Tex. 2006) .................................................................... 5, 7

*University of Tex. Med. Branch v. York,*
 871 S.W.2d 175 (Tex.1994) ...................................................................... 6


**STATUTES**

Tex. Civ. Prac. & Rem. Code § 51.014 ....................................................... 1

Texas Loc. Gov't Code § 271.151 ........................................................ 2, 10

Texas Loc. Gov't Code § 271.152 ........................................................... 4, 8

Texas Gov't Code § 2259.001 ............................................................ 4, 7, 9

Texas Gov't Code § 2259.002 ................................................................. 4, 7, 9

Texas Gov't Code § 2259.031 ................................................................. 2, 7

## STATEMENT OF THE CASE

This is a suit for benefits under a self-funded health plan established by the City of Austin for its eligible employees. [C.R. 29-30.] Appellants The United Healthcare Choice Plus Plan for the City of Austin (the "Plan") and the City of Austin (the "City") filed a joint plea to the jurisdiction based on sovereign immunity, inasmuch as the City and the Plan are governmental entities. [C.R. 29.] The Trial Court denied the plea, and Appellants appealed pursuant to Tex. Civ. Prac. & Rem. Code § 51.014. [C.R. 206-208, 210.]

## APPELLANTS' STATEMENT REGARDING ORAL ARGUMENT

Appellants believe that, given the importance of the issues presented by this appeal, oral argument would aid the Court's decision making process.

## ISSUE PRESENTED

1.      Whether the Trial Court erred in denying Appellants' plea to the jurisdiction.

## STATEMENT OF FACTS

### A.     The Plan.

The City of Austin is a local governmental entity as defined by the Local Gov't Code § 271.151. The Plan is a self-funded plan solely funded by the City of Austin and created pursuant to Texas Gov't Code § 2259.031.  [C.R. 30.]  The terms of the Plan are set forth in the "Summary Master Benefit Plan Documents" (the "SPDs"), effective January 1, 2013, and January 1, 2014.  [C.R. 30.]

The Plan provides:

> 1.1 Purpose
>
> The City has contracted with United HealthCare Services, Inc. (UnitedHealthcare), a private healthcare claims administrator, to administer this Plan and process the payment or reimbursement of specified expenses incurred by eligible Covered Persons.
>
> ***
>
> 1.13   Interpretation of Benefits
>
> The Plan Administrator has the sole and exclusive discretion to do all of the following:
>
> 1.     Interpret Benefits under the Plan.
>
> 2.     Interpret the other terms, conditions, limitations, and exclusions set out in the Plan Document.
>
> 3.     Make factual determinations related to the Plan and its Benefits.
>
> 4.     The Plan Administrator may, in certain circumstances, for purposes of overall cost savings or efficiency, in its sole discretion, offer Benefits

for services that would otherwise not be Covered Services. The fact that the Plan Administrator does this in any particular case shall not in any way be deemed to require the Plan Administrator to do so in similar cases.

[C.R. 93-94.] Further, the Plan sets forth a remedy in the event a claim for benefits is denied, namely, a member has two levels of appeal: an internal appeal to the Plan Administrator and, if the first appeal is denied, a second, external appeal to an Independent Review Organization unaffiliated with the Plan or the City. [C.R. 89-93.]

## B.    Appellee's Claims.

Appellee is an employee of the City of Austin and a qualified member of the Plan. [C.R. 30.] Appellee's daughter underwent treatment in 2013 and 2014, and submitted claims to the Plan related to this treatment. [C.R. 30-31.] The Plan Administrator denied some of the claims because the services in question were not medically necessary. [Id.] Appellee appealed through each level provided by the Plan, and the original denial was upheld. [C.R. 3-5.] Appellee filed suit against Appellants seeking benefits under the Plan. [C.R. 3.] Appellants filed a joint plea to the jurisdiction, which the Trial Court denied. [C.R. 29, 206.]

## SUMMARY OF ARGUMENT

Appellants have governmental immunity from Appellee's claims. Absent legislative waiver, governmental immunity deprives the trial court of jurisdiction to hear Appellee's claims, and no such waiver exists. Appellee bears the burden of pleading a valid waiver of immunity, and he has not done so. Specifically, Appellee pled that the City was engaged in a proprietary function, however, the distinction between proprietary and governmental functions on which Appellee relies has been abolished by Tex. Local Gov't Code § 271.152, and the legislature has stated expressly that a municipality does not waive immunity by establishing a self funded plan. *See* Tex. Gov't Code §§ 2259.001, 2259.002. Appellee also pled, in the alternative, that Appellants waived immunity pursuant to Section 271.152. This argument fails because Appellee is not suing under a contract that provided services to a governmental entity. This Court should reverse the order of the Trial Court and dismiss Appellee's claims with prejudice.

## ARGUMENT

### A.    <u>Standard of Review on Appeal.</u>

A trial court's ruling on a plea to the jurisdiction is reviewed under a *de novo* standard of review. *Anderson v. City of San Antonio*, 120 S.W.3d 5, 7 (Tex. App.—San Antonio 2003, pet. denied); *Texas Dept. of Pub. Safety v. Int'l Capital Corp.*, 40 S.W.3d 687, 688 (Tex. App.—Austin 2001, no pet.); *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998).

### B.    <u>Governmental Immunity.</u>

Absent legislative waiver, governmental immunity shields governmental entities, including municipalities, from suit for common law and statutory claims. *See, e.g., Tooke v. City of Mexia,* 197 S.W.3d 325, 332 (Tex. 2006); *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 327 (Tex. 2006) (holding that immunity extended to self-funded plans or cooperative insurance entities created by governmental entities); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853-55 (Tex. 2002); *Dallas County Mental Health and Mental Retardation v. Bossley,* 968 S.W.2d 339, 341-42 (Tex. 1998); *see also State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). Governmental immunity from suit deprives the trial court of subject matter jurisdiction and, thus, is properly asserted in a plea to the jurisdiction. *Texas Dep't of Parks and Wildlife v. Miranda,* 133

S.W.3d 217, 225-226 (Tex. 2004). When subject matter jurisdiction is contested, "[t]he trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed." *Id.* at 226. Whether the trial court has subject matter jurisdiction is a question of law subject to *de novo* appeal. *Id.*

Appellee bears the burden to allege facts that affirmatively demonstrate the trial court's jurisdiction to hear a case. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). If the pleadings affirmatively negate the existence of jurisdiction, the plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Texas Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226, 227 (Tex. 2004).

The State's consent may be alleged either by reference to a statute or by pleading express legislative permission. *General Services Com'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 594 (Tex. 2001). Texas does not recognize the doctrine of waiver of governmental immunity by conduct. *Gentilello v. University of Texas Southwestern Health Systems*, 2014 WL 1225160, at *5 (Tex. App.—Dallas, 2014) ("In summary, the Texas Supreme Court has never ruled that a doctrine of waiver of governmental immunity by conduct exists."). Legislative consent to sue must be made in "clear and unambiguous language." *University of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex.1994). Absent this consent,

the trial court lacks a jurisdictional basis to hear the claim. *Texas Dept. of Transportation v. Jones*, 8 S.W.3d 636, 638-39 (Tex. 1999). Here, Appellee failed to allege a valid waiver of immunity, and the Trial Court therefore erred in denying Appellants' plea to the jurisdiction.

**C.     The Plan is Immune From Suit and Liability.**

The City is a governmental entity immune from suit, absent legislative waiver. *See, e.g., Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 327 (Tex. 2006). The Plan, as an entity created by the City pursuant to authority granted by Texas Gov't Code § 2259.031, is likewise immune. *Id.* A municipality does not waive immunity by providing benefits to its employees, whether through as self-funded plan or otherwise. *See* Tex. Gov't Code §§ 2259.001, 2259.002 (stating that a municipality does not waive immunity by establishing a self-funded plan); *see also Gay v. City of Wichita Falls*, 457 S.W.3d 499, 505 (Tex. App.—El Paso Aug. 13, 2014, no pet.) (holding that a city was immune from suit when it provided benefits to its employees, citing Texas Gov't Code Chapter 271 and *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Appellants did not waive immunity by offering benefits to eligible employees of the City and their dependents. *Richardson Hosp. Auth. v. Duru*, 387 S.W.3d 109, 113 (Tex. App.—Dallas 2012, no pet.) (holding that a municipality did not waive immunity by offering insurance

to employees, because such contracts did not fall within the waiver of immunity in Tex. Local Gov't Code § 271.152); *Foster v. Teacher Ret. Sys.*, 273 S.W.3d 883, 886 (Tex. App.—Austin 2008, no pet.) (holding that a state agency did not waive immunity by providing benefits via a self-funded plan). Accordingly, Appellants are immune from suit, and this Court should reverse the Trial Court's ruling and enter judgment dismissing Appellee's claims.

## D. **Appellee Has Not Pled a Valid Waiver of Immunity.**

In his amended petition, Appellee asserts that (1) Appellants were not entitled to immunity because they were performing a proprietary function, and (2) in the alternative, Appellants waived their immunity pursuant to Section 271.152, because the documents establishing the Plan constitute a contract under which services were provided to the City. Appellee has failed to plead a valid waiver of immunity, and this Court should reverse the Trial Court and dismiss his claims.

### 1. The Proprietary/Governmental Function Distinction Does Not Apply.

The legislature, in enacting Texas Local Government Code Chapter 271, refused to apply the distinction between proprietary and governmental functions to claims for breach of contract, and it therefore has no application here. *See Republic Power Partners, L.P. v. City of Lubbock*, 424 S.W.3d 184, 190-191 (Tex. App.—Amarillo 2014, no pet.); *Gay v. City of Wichita Falls*, 457 S.W.3d 499, 505 (Tex. App.—El Paso 2014, no pet.); *City of San Antonio ex rel. City Pub. Serv. Bd.*

*v. Wheelabrator Air Pollution Control, Inc.*, 381 S.W.597, 605 (Tex. App.—San Antonio 2012, pet. denied).

Further, the legislature has expressly stated that the establishment of a self-funded plan does not waive Appellants' immunity. *See* Tex. Gov't Code §§ 2259.001, 2259.002 (stating that a municipality does not waive immunity by establishing a self-funded plan); *see also Humana Ins. Co. v. Mueller*, 2015 WL 1938657, No. 04-14-752-CV (Tex. App.—San Antonio, April 29, 2015, no pet. h.) (holding that establishing a self-funded plan did not waive immunity of a governmental entity).

Appellee's reliance, in his pleadings in the Trial Court, on *City of Georgetown v. Lower Colorado River Authority*, 413 S.W.3d 803 (Tex. App.—Austin 2013, pet. dism'd) is misplaced. First, *City of Georgetown* involved a contract between a city and its electrical supplier. *Id.* This case, in contrast involves a suit against a self-funded plan established by the City for its employees, and the legislature has stated expressly that a municipality does not waive immunity by establishing a self-funded plan. *See* Gov't Code § 2259.002. Second, the distinction between proprietary and governmental functions relied on in *City of Georgetown* has been rejected by numerous courts since, and is no longer valid. *See, e.g., Republic Power*, 424 S.W.3d at 184; *Gay*, 457 S.W.3d at 505.

2.      <u>Appellee did not plead a valid waiver of immunity under Chapter 271</u>.

In order to plead a valid waiver of immunity under Chapter 271, Appellee must show that the contract provides for the provision of goods and services to the local governmental entity. Tex. Loc. Gov't Code § 271.151. The contract at issue in this case does not provide for services to a local governmental entity, and Appellants did not allege or show that any services were provided to the City pursuant to the Plan. Accordingly, Appellants did not waive immunity. *See, e.g., Lubbock County Water Control & Imp. Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 303 (Tex. 2014) (holding that the provision of services to a water district's constituents did not constitute the provision of services to the water district, and therefore immunity was not waived under Chapter 271); *East Houston Estate Apartments, LLC v. City of Houston*, 294 S.W.3d 723, 726 (Tex. App.— Houston [1st Dist.] 2009, no pet.). Inasmuch as Appellee was not providing services to the City under the contract sued on, the Plan is not a contract subject to section 271.151. *Id.*

## **PRAYER**

For the foregoing reasons, Appellants request that this Court reverse the Trial Court's order denying Appellants' plea to the jurisdiction and render judgment dismissing Appellee's claims.

Respectfully submitted,


By: */s/ Lance V. Clack*
      Andrew G. Jubinsky
      Texas Bar No. 11043000
      andy.jubinsky@figdav.com
      Lance V. Clack
      Texas Bar No. 24040694
      lance.clack@figdav.com


FIGARI & DAVENPORT, L.L.P.
901 Main Street, Suite 3400
Dallas, Texas  75202
Tel: (214) 939-2000
Fax: (214) 939-2090


ATTORNEYS FOR THE UNITED HEALTHCARE
CHOICE PLUS PLAN FOR CITY OF AUSTIN
EMPLOYEES


KAREN M. KENNARD, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF LITIGATION

By:    */s/ Megan Mosby*
      Andralee Cain Lloyd
      State Bar No. 24071577
      andralee.lloyd@austintexas.gov
      Megan Mosby
      State Bar No. 24073392
      megan.mosby@austintexas.gov

City of Austin – Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Tel: (512) 974-2918
Fax: (512) 974-1311

ATTORNEYS FOR CITY OF AUSTIN

## CERTIFICATE OF COMPLIANCE

This document complies the word-count limitations of Rule 9.4(i)(3) because it contains 1,922 words as calculated per the word processing program used for its preparation, excluding any parts exempted by Rule 9.4(i)(1).

*/s/ Lance V. Clack*
Lance V. Clack

## CERTIFICATE OF SERVICE

On the 24th day of June, 2015, a true and correct copy of the foregoing document was served on counsel as follows:

***Via E-Service***
Amar Raval
araval@plummerlawyers.com
James C. Plummer
jplummer@plummerlawyers.com
PLUMMER & KUYKENDALL
4203 Montrose Blvd., Suite 270
Houston, Texas 77006
*Attorney for Plaintiff*

*/s/ Lance V. Clack*
Lance V. Clack

**APPENDIX**

Filed in The District Court
of Travis County, Texas

APR 29 2015

At_____10:12___M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-15-000067

| | | |
|---|---|---|
| CHARLES LESNIAK | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| CITY OF AUSTIN and THE UNITED | § | |
| HEALTHCARE CHOICE PLUS PLAN FOR | § | |
| CITY OF AUSTIN EMPLOYEES, | § | |
| Defendants, | § | 419TH JUDICIAL DISTRICT |

## ORDER

On this day came on to be considered Defendants City of Austin and The United Healthcare Choice Plus Plan for City of Austin Employees' Plea to the Jurisdiction. After considering the motion, the response, and the arguments of counsel, the Court finds that the motion should be denied. It is therefore

ORDERED that Defendants' Plea to the Jurisdiction is hereby DENIED.

SIGNED ___April 29,_____, 2015.

_____
JUDGE PRESIDING
GARY HARGER

K:\Lesniak, Charles\Order - Plea to Jurisdiction.wpd