

# Fourth Court of Appeals

## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-24-00491-CV

**IN RE FROST BANK,** Relator

Original Proceeding[1]

Opinion by:    Lori Massey Brissette, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Beth Watkins, Justice
               Lori Massey Brissette, Justice

Delivered and Filed: November 6, 2024

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, Relator Frost Bank asserts the trial court abused its discretion when it denied Relator's Rule 91a motion to dismiss. We agree and conditionally grant Relator's petition for writ of mandamus.

## BACKGROUND

In the underlying matter, UBA Pharmacy, LLC ("UBA") has asserted claims of negligent misrepresentation and civil conspiracy against Frost Bank relating to a 2018 construction loan agreement between the parties. In the recitation of facts below, and only for the purposes of this

---

[1] This proceeding arises out of Cause No. 2023-CI-02298, styled *UBA Pharmacy, LLC v. PNL Invest, LLC and Frost Bank*, pending in the 57th Judicial District Court, Bexar County, Texas, the Honorable Cynthia Marie Chapa presiding.

analysis, we take as true the allegations made by Real Party in Interest's second amended petition. *See Vasquez v. Legend Nat. Gas III, LP*, 492 S.W.3d 448, 450 (Tex. App.—San Antonio 2016, pet. denied) (citing TEX. R. CIV. P. 91a.1)

In June of 2018, Chibueze G. Ubabuike and his wife Godgift Ubabuike met with Frost Bank to ascertain whether Frost Bank would finance a construction loan for UBA, a pharmacy business owned by Mr. Ubabuike. UBA sought an $800,000 construction loan to build on land it already owned. Frost Bank ultimately approved a loan for $1,028,000, which included amounts used to pay off the outstanding loan balance from the purchase of the land.

The Ubabuikes informed Frost Bank that UBA would need a long-term loan of 20-25 years to pay that amount of debt. Frost Bank then represented to the Ubabuikes that the approved construction loan would be a two-step process. First, UBA and Frost Bank would execute a loan with monthly payments based on a 300-month amortization period, with a ballon payment for all amounts still due on March 22, 2022. Frost Bank then promised that, prior to the balloon payment deadline, it would agree to a refinancing loan that would pay off the outstanding balance of the original loan and would provide a long-term payment schedule. Frost Bank made this promise knowing that UBA would not otherwise be able to afford the scheduled balloon payment and that UBA would not have executed the construction loan without Frost Bank's promise to refinance the construction loan.

On or about January 27, 2022, as the deadline to pay the balloon loan approached, UBA asked Frost Bank when the promised long term refinancing loan would be executed. Frost Bank responded that it was not going to make that loan. Frost Bank extended the maturity date of the balloon note from March 22, 2022 to November 22, 2022, but then sold the construction loan and assigned the security for same to PNL Invest LLC in June 2022. When Frost Bank did so, it knew

that UBA could not make the required balloon payment, putting at risk the real property used to secure the loan. PNL Invest LLC has since foreclosed on the construction loan and sued UBA and the Ubabuikes (as guarantors of the construction loan) for the remaining balance due.

On February 3, 2023, UBA filed suit against PNL Invest LLC. On December 11, 2023, UBA filed its first amended petition which added Frost Bank as a defendant. On February 8, 2024, Frost Bank filed a Rule 91a motion to dismiss challenging the claims brought against it by UBA. UBA then filed a second amended petition and voluntarily non-suited certain claims. On March 20, 2024, when the motion to dismiss was heard, UBA's only remaining claims against Frost Bank were for negligent misrepresentation and civil conspiracy. On May 8, 2024, the trial court signed an order denying the Rule 91a motion.

### REQUIREMENTS FOR GRANTING A WRIT OF MANDAMUS

"Mandamus relief is warranted when the trial court clearly abused its discretion and the relator has no adequate appellate remedy." *In re Coppola*, 535 S.W.3d 506, 508 (Tex. 2017) (orig. proceeding) (per curiam) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). "A trial court also abuses its discretion if it fails to analyze or apply the law correctly." *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding) (per curiam) (citing *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). "Mandamus relief is appropriate when the trial court abuses its discretion in denying a Rule 91a motion to dismiss." *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding) (citing *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding)).

### APPLICABLE LAW

"Under Rule 91a, a party may move for dismissal on the ground that a cause of action has no basis in law." *In re Farmers*, 621 S.W.3d at 266. "A cause of action has no basis in law if the

allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. "In ruling on a Rule 91a motion to dismiss, a court may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *In re Farmers*, 621 S.W.3d at 266 (brackets in original) (quoting TEX. R. CIV. P. 91a.6). "We review the merits of a Rule 91a motion de novo." *Strickland v. iHeartMedia, Inc.*, 665 S.W.3d 739, 741 (Tex. App.—San Antonio 2023, pet. denied) (quoting *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam)). "Under Rule 91a, we consider whether the pleadings, liberally construed, allege sufficient facts to affirmatively demonstrate that the pleader is entitled to the relief requested." *Id*. (citing *Sanchez*, 494 S.W.3d at 724–25).

**ANALYSIS**

Frost Bank contends the trial court abused its discretion in denying its Rule 91a motion because UBA failed to allege that Frost Bank misrepresented an existing fact—a  required element of a negligent misrepresentation claim. We agree.

### *Negligent Misrepresentation Claim*

"The negligent-misrepresentation elements are: (1) the defendant made a representation in the course of its business or in a transaction in which it has a pecuniary interest; (2) the representation conveyed "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Wal-Mart Stores, Inc. v. Xerox State & Loc. Sols., Inc.*, 663 S.W.3d 569, 582 n.55 (Tex. 2023) (citing *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.,* 546 S.W.3d 648, 653–54 (Tex. 2018)).

"Significantly, the sort of 'false information' contemplated in a negligent-misrepresentation case is a statement of *existing fact*, not a promise of future conduct." *N. Y. Life Ins. Co. v. Miller*, 114 S.W.3d 114, 124 (Tex. App.—Austin 2003, no pet.) (collecting cases) (emphasis in original). *See also First Bank v. Brumitt*, 564 S.W.3d 491, 495 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("A party's common-law duty not to engage in a negligent misrepresentation encompasses a duty not to make a representation that supplies false information about an existing fact under certain circumstances. This common-law duty does not encompass a duty not to make false promises of future conduct.") (citations omitted). "When a negligent misrepresentation claim is based upon allegedly false information about a future promise rather than an existing fact, the claim sounds not in tort, but in contract." *Gay v. City of Wichita Falls*, 457 S.W.3d 499, 508 (Tex. App.—El Paso 2014, no pet) (citations omitted).

Turning to the present case, UBA's negligent misrepresentation claim rests on the assertion that Frost Bank promised it would agree to provide a refinancing loan that would pay off the outstanding balance of the construction loan prior to the balloon payment deadline. Because this is a promise of future conduct, UBA may not recover under a negligent misrepresentation claim as a matter of law. *See*, *e.g.*, *Brumitt*, 564 S.W.3d at 495 (negligent representation claim failed as a matter of law when based on "alleged promises or alleged representations by First Bank that it would close and fund the loan to DTSG on a given date in the future"); *Barnett v. Legacy Bank of Tex.*, No. 11-02-00114-CV, 2003 WL 22358578, at *8 (Tex. App.—Eastland Oct. 16, 2003, pet. denied) (mem. op.) (finding the promise to provide additional funds if another lender did not do so was a promise of future conduct). Accordingly, the trial court abused its discretion in denying Frost Bank's motion to dismiss this claim.

*Civil Conspiracy Claim*

"An action for civil conspiracy has five elements: (1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017).

"[C]onspiracy is a derivative claim, requiring an underlying tort." *Straehla v. AL Glob. Servs., LLC*, 619 S.W.3d 795, 811 (Tex. App.—San Antonio 2020, pet. denied) (citation omitted). Accordingly, "a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) (citation omitted). *See also Parker v. Ohio Dev., LLC*, No. 04-23-00069-CV, 2024 WL 1864756, at *4 (Tex. App.—San Antonio Apr. 30, 2024, no pet.) (mem. op.) (citing *1st & Trinity Super Majority, LLC v. Milligan*, 657 S.W.3d 349, 372 (Tex. App.—El Paso 2022, no pet.)).

At the time of the hearing on Frost Bank's 91a motion, UBA's only other remaining tort claim was for negligent misrepresentation. Because that claim fails as a matter of law, there is no underlying tort to support a civil conspiracy claim. Accordingly, this claim also fails as a matter of law and it was an abuse of discretion for the trial court to deny Frost Bank's motion to dismiss this claim.

## CONCLUSION

Based on the foregoing, we conclude the trial court abused its discretion when it denied Frost Bank's Rule 91a motion. We conditionally grant the writ of mandamus and direct the trial court to vacate its order denying Frost Bank's Rule 91a motion to dismiss and grant the motion to dismiss UBA's claims against Frost Bank for negligent misrepresentation and civil conspiracy.

This writ of mandamus will issue only if the trial court fails to comply within fifteen days of the date of our opinion and order.


Lori Massey Brissette, Justice