REVERSE and DISMISS; Opinion issued November 14, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00165-CV

## RICHARDSON HOSPITAL AUTHORITY, Appellant

## V.

## PLACIDUS NNAMDI DURU, Appellee

On Appeal from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. CC-10-07860-A

# OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice FitzGerald

Richardson Hospital Authority ("RHA") brings this interlocutory appeal from the trial court's

partial denial of RHA's Motion to Dismiss for Lack of Jurisdiction (the "Motion"). RHA raises a

single issue in this Court, contending the trial court erred in refusing to dismiss three of Placidus

Nnamdi Duru's claims for lack of subject matter jurisdiction. We agree with RHA. Accordingly,

we reverse the trial court's order in relevant part, and we dismiss Duru's action for lack of subject

matter jurisdiction.

### BACKGROUND

Appellee Duru was hired as a nursing assistant at Richardson Hospital in June 2004. In

November 2006, an elderly female patient accused Duru of sexual abuse. Duru was indicted, and

the hospital terminated his employment. Four years later, on the day of trial, the State dismissed his case. Duru sued the hospital for malicious prosecution, business disparagement, breach of contract, and unjust enrichment. RHA included a general plea to the jurisdiction in its original answer. It subsequently filed a combined motion to dismiss for lack of jurisdiction and summary judgment motion.[1] The trial court granted the Motion as to the malicious prosecution claim; that ruling has not been appealed. The court otherwise denied the Motion. RHA appeals, contending the remaining claims—business disparagement, breach of contract, and unjust enrichment—should have been dismissed as well.

## MOTION TO DISMISS FOR LACK OF JURISDICTION

RHA contended in the Motion that it was protected from Duru's claims by sovereign immunity. Sovereign immunity (or governmental immunity in the case of local-government subdivisions) deprives courts of subject matter jurisdiction. *Rusk State Hosp. v. Black*, No. 10-0548, 2012 WL 3800218, at *5 (Tex. Aug. 31, 2012). RHA is a governmental unit within the meaning of the Tort Claims Act, *see Edinburg Hosp. Auth. v. Trevino*, 941 S.W.2d 76, 85 (Tex. 1997), and a local governmental entity for purposes of chapter 271 of the local government code. *See* TEX. LOCAL GOV'T CODE ANN. § 271.151(3)(C) (West 2005). The parties agree, therefore, that RHA enjoys governmental immunity absent an express waiver of that immunity.

Duru has made arguments both below and in this Court contending RHA's immunity is predicated on whether its activities were governmental or proprietary. The distinction between governmental and proprietary functions for purposes of waiving or retaining immunity arises under the civil practice and remedies code in a section entitled "Liability of a Municipality." *See* TEX. CIV.

---

[1] The trial court's ruling on the summary judgment motion is not subject to an interlocutory appeal; it is not before us.

PRAC. & REM. CODE ANN. § 101.0215 (West 2011). A hospital authority is not a municipality, and it is not treated as one under Texas law. *See Edinburg Hosp. Auth.*, 941 S.W.2d at 85. Thus, Duru's arguments concerning classification of RHA's activities as governmental or proprietary are not relevant in this case.

A motion to dismiss based upon a lack of jurisdiction is the functional equivalent of a plea to the jurisdiction; both challenge the trial court's power to determine the subject matter of a claim. *Patton v. Jones*, 212 S.W.3d 541, 545 (Tex. App.—Austin 2006, pet. denied). The existence of subject matter jurisdiction is a question of law, and we review the trial court's ruling de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004). When the plea challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Id.* at 226. If the pleadings affirmatively negate jurisdiction, the plea should be granted. *Id.* at 227. When the plea challenges the existence of jurisdictional facts, we consider evidence submitted by the parties just as the trial court did. *Id.* We take as true all evidence favorable to the claimant, and we indulge all reasonable inferences in his favor. *Id.* at 228. If the evidence is undisputed or if it does not raise a fact question on the jurisdictional issue, then the plea can be resolved as a matter of law. *Id.* If the evidence raises a fact question on the jurisdictional issue, then the fact finder must resolve the issue at trial. *Id.* Because the issue before us is subject matter jurisdiction, we are not limited to arguments made in the trial court; we remain mindful, of course, of whether Duru could address any jurisdictional issues by amending his pleadings. *See Rusk State Hosp.*, 2012 WL 3800218, at *6.

We review Duru's three remaining claims in turn to determine whether each one falls within a waiver of RHA's immunity.

## Business Disparagement

Duru alleges that RHA forwarded false and misleading representations about the alleged abuse to a third party credit reporting agency, which published the representations. Duru claims the publication caused him to lose employment offers and injured his employment reputation. The Tort Claims Act does not waive immunity for intentional torts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West 2011) ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort."). Business disparagement is an intentional tort. *See Forbes Inc. v. Granada Biosciences, Inc.* 124 S.W.3d 167, 170 (Tex. 2003) (elements are "the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff"); *see also Ethio Exp. Shuttle Serv., Inc. v. City of Houston*, 164 S.W.3d 751, 758 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (business disparagement is intentional tort for which sovereign immunity is not waived). Thus, business disparagement does not fall within a waiver of RHA's immunity. Because Duru's pleadings affirmatively negate jurisdiction in this case, the trial court should have granted the Motion on this issue and dismissed the claim. *See Miranda*, 133 S.W.3d at 227; *see also County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

## Breach of Contract

Duru contends he contracted with RHA to provide him legal services. Duru alleges RHA withheld just under seven dollars from his bimonthly paychecks as consideration for this agreement, but RHA failed to provide the services when Duru was charged with sexual abuse. We construe these pleadings liberally in Duru's favor, and we look to his intent. *See Miranda*, 133 S.W.3d at 226.

The Texas Legislature has waived a local governmental entity's immunity for breach-of-contract claims in certain limited circumstances:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOCAL GOV'T CODE ANN. § 271.152. The term "contract subject to this subchapter" is defined within the statute:

> "Contract subject to this subchapter" means a *written contract* stating the essential terms of the agreement for providing goods or services *to* the local governmental entity that is properly executed on behalf of the local governmental entity.

*Id.* § 271.151(2) (emphasis added). But Duru's claim is that he contracted with RHA, not to provide goods or services *to* RHA, but to receive services *from* RHA, namely legal services. Thus, if we assume—without deciding—that Duru's pleadings are sufficient, and if we take all his allegations as true, the "contract" he has pleaded does not fall within the limited legislative waiver of RHA's immunity. *See id.* Once again, Duru's pleadings affirmatively negate jurisdiction.

In addition, RHA challenged the existence of a jurisdictional fact in this case, namely a written contract between Duru and RHA. Therefore, even assuming adequate pleadings by Duru, RHA had the burden to assert and support its jurisdictional contention with evidence. *Miranda*, 133 S.W.3d at 228. RHA did come forward with evidence establishing that the legal-services benefit chosen by Duru was not a written contract with RHA, but merely an employment benefit facilitated by RHA. According to RHA's evidence, RHA deducted Duru's premium and immediately forwarded it to MetLife Insurance Company, which administered the legal-insurance plan provided by Hyatt Legal Services. Once RHA offered evidence indicating there was no contract between Duru and RHA, Duru needed to raise a material fact issue regarding the jurisdictional fact to survive the

Motion. *Id.* He did not do so. Thus, the only evidence before the trial court was that there was no written contract between the parties. Because the evidence did not raise a fact question on the jurisdictional issue, the Motion can be resolved as a matter of law on this ground as well. *Id.*

Thus, whether we focus on Duru's pleading or the existence of jurisdictional facts, the result is the same: there is no waiver of RHA's governmental immunity. The trial court should have dismissed the breach-of-contract claim for lack of subject matter jurisdiction.

*Unjust Enrichment*

Finally, Duru contends that RHA deducted $6.92 from each of his paychecks as payment for a legal-services plan. He argues that because he was not afforded representation under that plan, RHA was unjustly enriched. Duru seeks recovery of the premiums he paid under this theory.

This Court has held that unjust enrichment is not an independent cause of action. The term, instead, "characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances which give rise to an implied or quasi-contractual obligation to repay." *Walker v. Cotter Properties, Inc.*, 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.); *see also Oxford Fin. Cos. v. Velez*, 807 S.W.2d 460, 465 (Tex. App.—Austin 1991, writ denied). The unjust enrichment doctrine applies principles of restitution to disputes in which no actual contract exists. *In re Guardianship of Fortenberry*, 261 S.W.3d 904, 915 (Tex. App.—Dallas 2008, no pet.). It is based on the equitable principle that one who receives benefits that would be unjust to retain, should make restitution of those benefits. *Id.* Of course, to the extent that an independent cause of action for unjust enrichment does not exist, Duru's claim could not fall within a waiver of governmental immunity, and it should have been dismissed.

If we construe Duru's pleadings liberally and look to his intent, it is clear he has attempted to make an equitable claim for the return of money which, he claims, RHA has retained unfairly.

However, the Texas Legislature has not created a waiver of governmental immunity for equitable claims that seek money damages. "The primary purpose of governmental immunity from suit is to protect state agencies and their officials from lawsuits for damages." *Anderson v. City of McKinney*, 236 S.W.3d 481, 482 (Tex. App.—Dallas 2007, no pet.). Thus, regardless of the nature of the equitable claim, if money damages are the remedy sought, then the claim is barred by governmental immunity. *See, e.g., Harris County Flood Control Dist. v. Great Am. Ins. Co.*, 309 S.W.3d 614, 617 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (quantum meruit); *City of Seagoville v. Lytle*, 227 S.W.3d 401, 410 (Tex. App.—Dallas 2007, no pet.) (declaratory judgment); *Bell v. City of Grand Prairie*, 221 S.W.3d 317, 325 (Tex. App.—Dallas 2007, no pet.) (injunction). Thus, even if RHA retained the benefit of Duru's services without paying for them, his claim would sound in quantum meruit, and it would be barred by immunity. *See Harris County Flood Control Dist.*, 309 S.W.3d at 617.

The sole exception we have found to this rule is when officers of the governmental entity are wrongfully withholding money from the rightful owner; under those circumstances, a claim for return of the money may sometimes be heard. *See, e.g., W.D. Haden Co. v. Dodgen*, 308 S.W.2d 838, 841 (Tex. 1958) ("suits for property alleged to be unlawfully or wrongfully withheld from the rightful owner by officers of the state are not suits against the sovereign itself and may be maintained without permission of the sovereign"); *City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 634-35 (Tex. App.—Austin 2007, pet. denied) ("suits to recover money or other property wrongfully taken or withheld by state officials from their rightful owners do not implicate sovereign immunity because, in concept, the disputed property never belongs to the state"). But there is no evidence in Duru's case that any officer or employee of RHA has ever wrongfully held any of the premiums

RHA deducted from his paycheck. The only evidence is to the contrary, i.e., that those premiums were all forwarded immediately to MetLife.

Duru's unjust enrichment claim does not fall within a waiver of RHA's governmental immunity; this claim should have been dismissed as well.

### CONCLUSION

We have concluded that RHA retains its immunity for all claims brought against it by Duru. We sustain RHA's appellate issue, and we reverse the portion of the trial court's order that denied the Motion as to Duru's claims for business disparagement, breach of contract, and unjust enrichment. We dismiss Duru's action in its entirety for lack of subject matter jurisdiction.

KERRY P. FITZGERALD
JUSTICE

120165F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

# JUDGMENT

RICHARDSON HOSPITAL AUTHORITY, Appellant

No. 05-12-00165-CV     V.

PLACIDUS NNAMDI DURU, Appellee

Appeal from the County Court at Law No. 1 of Dallas County, Texas. (Tr.Ct.No. CC-10-07860-A).
Opinion delivered by Justice FitzGerald, Justices O'Neill and Lang-Miers participating.

In accordance with this Court's opinion of this date, the order of the trial court is **REVERSED** insofar as it denied the Motion to Dismiss for Lack of Jurisdiction as to claims for business disparagement, breach of contract, and unjust enrichment. This cause is **DISMISSED** for lack of subject matter jurisdiction. It is **ORDERED** that appellant Richardson Hospital Authority recover its costs of this appeal from appellee Placidus Nnamdi Duru.

Judgment entered November 14, 2012.

KERRY P. FITZGERALD
JUSTICE