ACCEPTED
03-15-00309-CV
6070665
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/15/2015 9:39:20 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00309-CV

IN THE THIRD COURT OF APPEALS
IN AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/15/2015 9:39:20 AM
JEFFREY D. KYLE
Clerk

_____

City of Austin and The United Healthcare Choice Plus Plan
for City of Austin Employees

*Appellants,*

v.

Charles Lesniak

*Appellee*

_____

On Appeal From the 419th District Court,
Travis County, Texas

_____

APPELLEE BRIEF

_____

James C. Plummer (16075700)
Amar Raval (24046682)
Plummer | Raval
4203 Montrose Blvd., Suite 270
Houston, TX 77006
(713) 522-2887
(713) 522-3605 Fax
jplummer@plummerlawyers.com
araval@plummerlawyers.com

**COUNSEL FOR APPELLEE CHARLES LESNIAK**

**ORAL ARGUMENT REQUESTED**

# IDENTITIES OF PARTIES AND COUNSEL

| | |
|---|---|
| City of Austin | Appellant |

Andralee Cain Lloyd (24071577)
Megan Mosby (24073392)
City of Austin - Law Department
P.O. Box 1546
Austin, TX 78767-1546
(512) 974-2918
andralee.lloyd@austintexas.gov
megan.mosby@austintexas.gov                    Counsel for Appellant

The United Healthcare Choice Plus
Plan for City of Austin Employees              Appellant

Andrew G. Jubinsky (11043000)
Lance V. Clack (24040694)
Figari & Davenport, LLP
901 Main St., Suite 3400
Dallas, TX 75202
(214) 939-2000
andy.jubinsky@figdav.com
lance.clack@figdav.com                         Counsel for Appellant

Charles Lesniak                                Appellee

James C. Plummer (16075700)
Amar Raval (24046682)
Plummer | Raval
4203 Montrose Blvd., Suite 270
Houston, TX 77006
(713) 522-2887
jplummer@plummerlawyers.com
araval@plummerlawyers.com                      Counsel for Appellee

i

## TABLE OF CONTENTS

Page

IDENTITIES OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . .  v

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Standard of Review:. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Issue 1: Providing health insurance to city employees is a purely
proprietary function for which governmental immunity does not exist. . . . .  3

Issue 2: Governmental Immunity was Waived by
TEXAS LOCAL GOVT CODE §271.152. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

# INDEX OF AUTHORITIES

Pages

*Bailey v. City of Austin*
972 S.W.2d 180, 192-93 (Tex.App.-Austin 1998, pet. denied). . . . . . . . . . . . . . .  5,7

*Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political Subdivisions Prop.*
212 S.W.3d 320 (Tex. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9,12

*City of El Paso v. Henrich*
284 S.W.3d 366, 371-72 (Tex. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3,4

*City of Galveston v. Posnainsky*
62 Tex. 118 (1884). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*City of Georgetown v. Lower Colorado River Authority*
413 S.W.3d  803, 811 (Tex.App.-Austin 2013, pet. dism'd). . . . . . . . . . .  5,13,14,15

*City of Houston v. Williams*
353 S.W.3d 128, 134 (Tex. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6,7

*City of Terrell v. McFarland*
766 S.W.2d 809, 813 (Tex.App.-Dallas 1988, writ denied). . . . . . . . . . . . . . . . . .  4

*City of Mexia v. Tooke*
197 S.W.3d 328 (Tex. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . .  4,5,6,12,13,14

*Dillard v. Austin Indep. Sch. Dist.*
806 S.W.2d 589, 594-595 (Tex.App.-Austin 1991, writ denied). . . . . . . . . . . . . .  4

*East Houston Estate Apartments, L.L.C. v. City of Houston*
294 S.W.3d 723, 731-32 (Tex.App.-Houston [1st Dist.] 2009, no pet.). . . . . . . . . .  5

*Entergy Gulf States, Inc. v. Summers*
282 S.W.3d 433, 437 (Tex. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*First Am. Title Ins. Co. v. Combs*

258 S.W.3d 627, 631-32 (Tex. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Foster v. Teacher Ret. Sys.*
273 S.W.3d 883, 886 (Tex.App.-Austin 2008, no pet.). . . . . . . . . . . . . . . . . . . . . 11

*Gates v. City of Dallas*
704 S.W.2d 737, 738-39 (Tex. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gay v. City of Wichita Falls*
2014 WL 393141 (Tex.App.-El Paso Aug. 13, 2014, no pet.). . . . . . . . . . . . . 12,13

*Houston Mun. Empls. Pension Sys. v. Ferrell*
248 S.W.3d 151 (Tex. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Richardson Hosp. Auth. v. Duru*
387 S.W.3d 109, 113 (Tex.App-Dallas 2012, no pet.). . . . . . . . . . . . . . . . . . . . 11

*Texas Dept. of Parks and Wildlife v. Miranda*
133 S.W.3d 217, 226 (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Tex. Natural Res. Conservation Comm'n v. IT-Davy*
74 S.W.3d 849, 854 (Tex. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*VanDevender v. Woods*
222 S.W.3d 430, 433 (Tex.2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES**

Tex. Ins. Code §1575. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Tex. Local Govt. Code §51.075. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Local Govt. Code §271.152. . . . . . . . . . . . . . . . . . 7,8,9,10,11,12,13,14,15

Tex. Local Govt. Code §271.151. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8,9

Tex. Local Govt. Code §271.158. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATEMENT OF THE CASE

This is an interlocutory appeal of a denial of a plea to the jurisdiction. The suit involves the denial of medical treatment at an eating disorder facility for the dependent of a City of Austin employee. Appellants City of Austin and The United Healthcare Choice Plus Plan for City of Austin Employees contend that governmental immunity shields them both from suit and liability. Appellee contends that governmental immunity does not exist or has been waived by statute.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee believes that oral argument will be helpful to the Court because (a) this case involves a claim for benefits under the City of Austin's health benefit plan, with technical terms that may require assistance from counsel, and (b) the Court will be able to question Appellants on their position that City of Austin employees should have no access to the judicial system if their health insurance claims are denied.

**STATEMENT OF FACTS**

1.      This is a lawsuit for health benefits by a City of Austin employee against the City of Austin ("Austin") and the United HealthCare Choice Plan for City of Austin Employees ("Plan"). Mr. Lesniak works for Austin as an environmental policy program manager. *C.R. 186*. He enrolled in the Plan in 2013 and 2014 to obtain health insurance for himself and his eligible dependents. *Id.*

2.      The Plan is self funded by Austin. *C.R. 30*. Austin designated United Healthcare Services, Inc. ("United") as the Plan Administrator of the Plan. *C.R. 30*. United was responsible for processing claims and payments and conducting appeals of adverse benefit determinations on behalf of Austin. *C.R187*.

3.      The Plan includes coverage for inpatient and outpatient mental health care services determined in accordance with prevailing medical standards and clinical guidelines. Mr. Lesniak's coverage under the Plan extended to his dependent daughter, Alice. *C.R. 187*.

4.      Alice suffered from symptoms of anorexia nervosa that led to weight loss, malnutrition, abnormal heart rhythm, and other signs of poor health. *C.R. 187*. Her parents and medical providers decided that she needed residential treatment in a facility with continuous monitoring and intensive therapy. *Id*. Because no facilities near Austin would accept someone as young as Alice, she enrolled in

1

Avalon Hills Eating Disorder Treatment Center ("Avalon") in Logan, Utah in August 2013. *C.R. 188*. United approved and periodically re-authorized residential treatment until October 29, 2013. *Id.*

5. On October 30, 2013, United advised Avalon that it would not authorize further treatment because it claimed that Alice's condition had improved to the extent that she could be adequately treated at a lower level of care known as "partial hospitalization". *C.R. 188*.

6. Avalon filed an appeal, which United denied in November 2013. *C.R. 188*. Although Alice remained in treatment at Avalon, United only authorized payment for the reduced partial hospitalization level beginning November 21, 2013, leaving Mr. Lesniak responsible for the balance. *Id*. Avalon submitted a second appeal, which United denied in February 2014. *C.R. 189*. With the denial of the second appeal, all required appeals under the Plan had been exhausted. *C.R. 190*. Alice remained in treatment at Avalon until February 18, 2014. *Id*.

7. Mr. Lesniak filed suit against Austin and the Plan for breach of contract on January 6, 2015. *C.R. 3*. Austin and the Plan filed a plea to the jurisdiction. *C.R. 29*. The plea was denied by the trial court on April 29, 2015. *C.R. 206*. Appellants filed their notice of appeal on May 18, 2015. *C.R. 207-208*.

2

**ARGUMENT**

The issues presented by this appeal are based on the limits of governmental immunity. Austin cannot escape judicial review of its decision to deny health insurance coverage to city employees and their dependents. Governmental immunity does not exist for two reasons. First, Austin's creation of a health insurance plan for city employees is a purely proprietary function not subject to immunity. Second, immunity does not exist because the Texas Legislature codified a waiver of governmental immunity that applies here. The trial court's ruling should thus be upheld, and this case should be remanded to the trial court.

Standard of Review:

The standard of review for a trial court's ruling on a plea to the jurisdiction is *de novo*. *Houston Mun. Empls. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007); *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

**Issue 1:**

**Providing health insurance to city employees is a purely proprietary function for which governmental immunity does not exist.**

Before a court considers whether governmental immunity has been waived, it must determine if immunity even exists. *City of El Paso v. Henrich*, 284 S.W.3d 366,

3

371-72 (Tex. 2009). The limits of governmental immunity were first explored by the Texas Supreme Court 131 years ago. *City of Galveston v. Posnainsky*, 62 Tex. 118 (1884). The Court noted that when a municipality exercises powers "exclusively public in character", immunity should exist unless it has been waived. *Id*. However, when a municipality assumes powers "intended for the private advantage and benefit of its locality and its inhabitants", there is no policy reason for immunity. *Id*.

*Posnainsky* thus created a distinction between governmental and proprietary functions. A city performs governmental functions when it acts "as an agent of the state in furtherance of general law for the interest of the public at large". *City of Terrell v. McFarland*, 766 S.W.2d 809, 813 (Tex.App.-Dallas 1988, writ denied). A city performs proprietary functions when it acts for the benefit of those within its municipal limits. *Id*. The city is not traditionally entitled to governmental immunity when performing proprietary functions. *Id*.; *Dillard v. Austin Indep. Sch. Dist.*, 806 S.W.2d 589, 594-595 (Tex.App.-Austin 1991, writ denied).

Courts expanded *Posnainsky's* governmental-proprietary distinction to the contract context. In 2006, the Texas Supreme Court seemed to cast doubt on the governmental-proprietary distinction for contracts. *City of Mexia v. Tooke*, 197 S.W.3d 328 (Tex. 2006). *Tooke* focused on the viability of governmental immunity under TEXAS LOCAL GOVT. CODE §51.075. In dicta, it noted that it had never held that the

4

governmental-proprietary distinction should apply in the contract context. However, the Court wisely sidestepped the issue, as it noted that "we need not determine that issue here". *Id.* at 333. As a result, many courts continue to apply the governmental-proprietary test to contract claims. *City of Georgetown v. Lower Colorado River Authority*, 413 S.W.3d 803, 811 (Tex.App.-Austin 2013, pet. dism'd); *East Houston Estate Apartments, L.L.C. v. City of Houston*, 294 S.W.3d 723, 731-32 (Tex.App.-Houston [1st Dist.] 2009, no pet.).

The issue in this case is whether providing health insurance to city employees is considered a governmental function or a proprietary function. Courts have routinely labeled it a proprietary function, including a previous health benefit plan offered by Austin. *See Bailey v. City of Austin*, 972 S.W.2d 180, 192-93 (Tex.App.-Austin 1998, pet. denied) (city's provision of health insurance to its employees is a proprietary function; no governmental immunity); *Gates v. City of Dallas*, 704 S.W.2d 737, 738-39 (Tex. 1986) (city providing self funded health insurance to its employees is a proprietary function).

Austin chose to provide its employees with medical and prescription drug benefits. It created a self funded plan and contracted with United to administer the Plan and process payment or reimbursement for covered medical expenses. Both the 2013 and 2014 Plans are contracts ("The Plan and its application of the Covered Persons, if

any, constitute the entire contract of Coverage under the Plan between the City, the Plan Administrator, and the Covered Persons"). *C.R. 46*. By entering into contract for the benefit of its employees, Austin engaged in a proprietary function for which governmental immunity does not exist.

Understanding their disadvantage, Appellants are limited to arguing the scope of the *Tooke* case. They contend that *Tooke* definitively eliminated the applicability of the governmental-proprietary distinction in the contract context. However, the words of the Court betray their position: "**we need not determine that issue here**" (emphasis added). *City of Mexia v. Tooke*, 197 S.W.3d 328, 333 (Tex. 2006). This is in line with the well settled principle of judicial restraint when deciding cases. *VanDevender v. Woods*, 222 S.W.3d 430, 433 (Tex. 2007) ("The cardinal principle of judicial restraint-if it is not necessary to decide more, it is necessary not to decide more-counsels us to go no further."). The governmental-proprietary distinction in the contract context remains viable. Standing alone, it is sufficient to deny Appellants' plea to the jurisdiction.

## Issue 2:

**Governmental Immunity was Waived by Texas Local Govt Code §271.152.**

Municipalities have governmental immunity from suit unless the Legislature expressly waives it by statute. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex.

6

2011). The Legislature is better suited to weigh conflicting public policies associated with waiving immunity and subjecting the government to increased liability. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002). In 2005, the Texas Legislature enacted TEX. LOCAL GOVT. CODE §271.152, which waives immunity for certain contractual claims against governmental entities. This waiver applies if the party against whom waiver is asserted is (1) a local governmental entity, (2) authorized to enter into contracts, and (3) entered into a "contract subject to this subchapter". TEX. LOCAL GOVT. CODE §271.152.

Here, there is no dispute that the City of Austin is a qualifying local governmental entity under the statute. Second, there is no dispute that Austin was authorized to enter into this contract to provide health benefits for its employees. Austin has traditionally offered life, health, and dental insurance to its employees, their spouses, and dependent children. *Bailey v. City of Austin*, 972 S.W.2d 180, 183 (Tex.App.-Austin 1998, pet. denied).

The third element is that the governmental enter into a "contract subject to this subchapter". A "contract subject to this subchapter" is (1) in writing, (2) states the essential terms of the agreement, (3) provides for goods or services, (4) to the local governmental entity, and (5) is executed on behalf of the local governmental entity.

TEX. LOCAL GOVT. CODE §271.151; *City of Houston v. Williams*, 353 S.W.3d 128, 135 (Tex. 2011).

Here, Appellants have provided all of the evidence required to prove that the Plans are contracts "subject to this subchapter". The 2013 and 2014 Plans are in writing. They state the essential terms of the agreement. ("The Plan and its application of the Covered Persons, if any, constitute the entire contract of Coverage under the Plan between the City, the Plan Administrator, and the Covered Persons"). *C.R. 46*. The Plans provide medical and prescription drug benefits to Austin employees, their spouses, and dependent children. The Plan also provides services to Austin, as it details the role United plays as Plan Administrator to interpret the Plan terms, make factual determinations, and determine eligibility for benefits. *C.R. 93-94*. Finally, the Plans are executed on behalf of Austin.

Conceding the other elements, Appellants limit their argument to element 4: the contract must provide goods or services to the local governmental entity. TEX. LOCAL GOVT. CODE §271.151. Appellants contend that no services were provided to Austin directly, so governmental immunity should shield them from suit and liability. This argument is defeated by the Texas Supreme Court's review of TEX. LOCAL GOVT. CODE §271.152's legislative history.

Other governmental entities have unsuccessfully tried to argue that the fourth element of TEX. LOCAL GOVT. CODE §271.151 limited the waiver of governmental immunity. In *Ben Bolt*, the Fund argued that it was immune from suit because nothing was provided to it directly; it simply provided insurance to its members in exchange for payment. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political Subdivisions Prop.*, 212 S.W.3d 320 (Tex. 2006). Here, Appellants argue that they are immune because nothing is provided to them directly[1]. In rejecting this argument, the Court reviewed the legislative history of TEX. LOCAL GOVT. CODE §271.152 and how it was intended to loosen the shackles of immunity:

> all local governmental entities that have been given or are given the statutory authority to enter into contracts shall not be immune from suits arising from those contracts.
>
> House Comm. On Civil Practices, Bill Analysis, Tex. H.B. 2039, 79th Leg., R.S. (2005); *Id* at 327.

While the mere act of self insuring was not a waiver of immunity, entering into a written contract stating the essential terms of an agreement for providing goods and services to a local governmental entity "clearly does". *Id*.

In Appellants' crabbed interpretation, governmental immunity applies if no services were directly provided to Austin. This begs the question: what services are

---

[1] Appellants continue to cite *Ben Bolt* to argue that they are immune from suit when providing benefits to employees. The analysis of the opinion does not support this position.

9

provided to Austin? Mr. Lesniak provides his services to Austin as a city employee. Like many other employers who seek the best and brightest talent, Austin provides health insurance benefits as part of an employee benefit plan. The health insurance benefits provided by the Plan are part of a bargained-for benefit of employment with Austin.

Another way to look at what services are being provided to Austin is by looking at what the Plan provides it. The Plans provide medical and prescription drug benefits to Austin employees, their spouses, and dependent children. The Plan also provides services to Austin, as it details the role United plays as Plan Administrator to interpret the Plan terms, make factual determinations, and determine eligibility for benefits. *C.R. 93-94*.

This expansive approach to providing goods or services to the local governmental entity complies with judicial deference to legislative intent. When construing a statute, the court's primary goal is to give effect to the legislature's intent. *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631-32 (Tex. 2008). When statutory text is clear, it is determinative of legislative intent, unless enforcing the plain meaning of the statute's words would produce an absurd result. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). This approach to waiver is also supported by the statute itself. Nothing in TEX. LOCAL GOVT. CODE §271.152 "shall constitute a grant of

10

immunity to a local governmental entity". TEX. LOCAL GOVT. CODE §271.158. Thus, to the extent that any governmental immunity exists, it has been waived by statute.

Appellants cited *Richardson Hosp. Auth. v. Duru* to argue that a municipality offering insurance to employees did not fall within the waiver of TEX. LOCAL GOVT. CODE §271.152. *Richardson Hosp. Auth. v. Duru*, 387 S.W.3d 109, 113 (Tex.App-Dallas 2012, no pet.). In *Richardson*, the plaintiff sued for breach of contract for legal services he claimed he never received. The court found no waiver of immunity under §271.152 because there was no evidence of a written contract between the parties. That is distinguishable from this case, where Appellants have produced the 2013 and 2014 Plans that provide health insurance benefits to Mr. Lesniak and his dependent.

Appellants also cite *Foster v. Teacher Ret. Sys.* to argue that a state agency did not waive immunity by providing benefits via a self funded plan. *Foster v. Teacher Ret. Sys.*, 273 S.W.3d 883, 886 (Tex.App.-Austin 2008, no pet.). The plaintiff in *Foster* sought a waiver of governmental immunity through TEX. INS. CODE §1575, which regulates the Texas Teachers Retirement System ("TRS"). The Plan here is not part of TRS. Moreover, Mr. Lesniak does not contend that the mere act of self insuring is a waiver of immunity. It is when the parties entered into a written contract stating the essential terms of an agreement for providing goods and services to a local governmental entity that TEX. LOCAL GOVT. CODE §271.152 applied.

Appellants rely most heavily on *Gay v. City of Wichita Falls* to support their position that TEX. LOCAL GOVT. CODE §271.152 does not apply to them. *Gay v. City of Wichita Falls*, 2014 WL 393141 (Tex.App.-El Paso Aug. 13, 2014, no pet.) In *Gay*, police officers filed for disability benefits from a trust established by Wichita Falls. The court determined that *Tooke* eliminated the governmental-proprietary distinction in contractual claims. It also concluded that the officers' promissory estoppel claim fell outside TEX. LOCAL GOVT. CODE §271.152 because the waiver only applies to a written contract. *Id*.

*Gay* is full of poor reasoning, not controlling law, and should not be followed. In it, the court noted that the city was not a party to the contract because the contract was between the trust and the insurance company. This is a distinction without a difference. In *Ben Holt*, the risk pool fund formed to provide insurance considered itself a separate entity entitled to governmental immunity. Implicit in this position was the argument that the city was not a party to the contract. The Fund argued that its insurance contract was immune because nothing was provided to it directly. The Court rejected the argument, noting the expansive nature of TEX. LOCAL GOVT. CODE §271.152. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political Subdivisions Prop.*, 212 S.W.3d 320, 327 (Tex. 2006).

12

Second, *Gay* improperly analyzed the governmental-proprietary common law and its connection to §271.152. In doing so, it misread the plain language of *Tooke* and bluntly ignored the logic and analysis provided in *City of Georgetown*. *Gay* contended that the Texas Supreme Court had "never held the proprietary/governmental dichotomy to be determinative of immunity from suit in contractual claims". However, it ignored the very next sentence, in which the Texas Supreme Court continued, "we need not determine that issue here". *City of Mexia v. Tooke*, 197 S.W.3d 328, 333 (Tex. 2006). The Court specifically chose not to rule on the governmental-proprietary distinction. The *Gay* court misread *Tooke* and mistook clearly labeled dicta for controlling law.

To the extent *Gay* has any persuasive authority, it is easily distinguished. In *Gay*, the officers relied on a promissory estoppel claim, not a written contract. Here, Mr. Lesniak relies on a written Plan created by Austin, which is clearly provided for in TEX. LOCAL GOVT. CODE §271.152. The Plan meets the test of the statute and falls under the waiver of immunity established by the Legislature.

Most disturbing of all, the *Gay* court ignored the policy reasons provided in *City of Georgetown* for continuing to follow the governmental-proprietary distinction for analyzing governmental immunity in contract claims. Just two years ago, this Court directly addressed the applicability and scope of TEX. LOCAL GOVT. CODE §271.152.

13

*City of Georgetown v. Lower Colorado River Authority* 413 S.W.3d 803 (Tex.App.-Austin 2013, pet. dism'd).

In *City of Georgetown*, the city's contract to purchase electricity from the Lower Colorado River Authority was at issue. *City of Georgetown* at 803. The city filed a plea to the jurisdiction, alleging that there was no valid waiver of governmental immunity. *Id*. at 806. The court began with an overview of the governmental-proprietary test. The city, just as Austin does here, argued that the test did not apply to contractual claims due to the Texas Supreme Court's ruling in *Tooke*.

The court cited *Tooke* and its clarification that it "need not determine that issue". Going forward, the court concluded:

> until the supreme court answers this question, we rely on this Court's precedent, as well as the nearly unanimous opinions of our sisters courts, to conclude that the proprietary-governmental dichotomy applies to contract claims under the common law.

*City of Georgetown* at 810-811.

However, it did not stop there. The court searched for "any principled reason" supporting applying the governmental-proprietary test to tort claims but not contract claims. *Id*. Finding none, the court was reluctant to overturn its own precedent or "disagree with persuasive authority from the majority of our sister courts" on the issue. *Id*. Appellants have failed to provide any principled justification for abandoning this precedent.

14

Next, the *City of Georgetown* court reviewed the legislative intent of Tex. Local Govt. Code §271.152. Just as Austin does here, the city argued that because §271.152 had no text regarding the governmental-proprietary test, it no longed applied to contract claims. *City of Georgetown* at 812. The court pointed out that the legislative history of §271.152 evidenced its intent to expand, not limit, plaintiffs' ability to sue municipalities for contract damages. *Id.* 813. It thus ruled that governmental immunity did not exist and denied the city's plea to the jurisdiction.

The *City of Georgetown* case is this Court's previous ruling on the precise issues at stake here. It remains good law, and its review of the policy reasons behind the governmental-proprietary test in contract claims, as well as its review of the legislative intent of Tex. Local Govt. Code §271.152, represent the road map for deciding this matter.

## Prayer

For these reasons, Appellee Charles Lesniak requests that this Court (1) uphold the Trial Court's order denying Appellants' Plea to the Jurisdiction, (2) remand this matter back to the Trial Court, and (3) grant Appellee any further relief, whether legal or equitable, to which he may be entitled.

15

Respectfully submitted,


By ___/s/ Amar Raval_____
    James C. Plummer, TBA #16075700
    Amar Raval, TBA # 24046682
    PLUMMER | RAVAL
    4203 Montrose Boulevard, Ste 270
    Houston, Texas 77006
    (713) 522-2887
    (713) 522-3605 (Fax)
    Jplummer@plummerlawyers.com
    Araval@plummerlawyers.com

ATTORNEYS FOR APPELLEE


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Amended Appellee Brief was served pursuant to Tex. R. App. Proc. 9.5 on July 15, 2015, to:

Andralee Cain Lloyd
Megan Mosby
City of Austin Law Department
P.O. Box 1546
Austin, TX 78767

Andrew Jubinski
Figari & Davenport, LLP
901 Main St., Suite 3400
Dallas, TX 75202


    ___/s/ Amar Raval_____

16

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Tex. R. App. Proc. 9.4(e)(i)(3), I hereby certify that this brief complies with the word count limitations and type-volume limitations.

1.      Exclusive of the exempted portions listed in Tex. R. App. Proc. 9.4(i)(1), the brief contains 3,328 words.

2.      This brief has been prepared in standard 10 character per inch monospaced typeface using WordPerfect in Times New Roman 14.

\_\_\_/s/ Amar Raval_____