**Affirmed and Memorandum Opinion filed March 30, 2021.**



**In the**

# Fourteenth Court of Appeals

### NO. 14-19-00316-CV

**PETER OBASOGIE, Appellant**

**v.**

**HARRIS COUNTY HOSPITAL DISTRICT D/B/A HARRIS HEALTH SYSTEM, Appellee**

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2018-39325**

## MEMORANDUM OPINION

Pro-se appellant Peter Obasogie appeals the trial court's final judgment granting appellee Harris County Hospital District d/b/a Harris Health System's amended plea to the jurisdiction, arguing that governmental immunity did not apply because appellee was not serving in a governmental function. Appellant also argues that the trial court failed to properly apply the waiver of immunity in the Texas Tort Claims Act. We disagree and affirm the judgment of the trial court.

# I.   BACKGROUND

Appellant has a lengthy and contentious history with the hospital[1] stemming from appellant's employment with the hospital from 2007 to 2012. When appellant was hired, his job title was Clinical Clerical Technician. At some point, the hospital reclassified job titles and appellant's job title was changed to Patient Care Assistant I, a change to which appellant objected. Appellant filed suit against the hospital in 2012 because he alleged the hospital incorrectly provided information to the Texas Workforce Commission, preventing him from receiving unemployment benefits. The hospital settled the 2012 lawsuit with appellant, and both parties signed a settlement agreement. Appellant also filed a separate lawsuit in federal court alleging age discrimination and failure to promote. His federal-court lawsuit was also resolved with a settlement agreement. Neither settlement agreement contains any language requiring the hospital to change appellant's job title for any purpose. And the settlement agreement of appellant's federal-court lawsuit specifically references appellant's position as a "Patient Care Assistant." As relevant to the current lawsuit, appellant alleges that he entered into an additional verbal agreement with the hospital, which the hospital allegedly violated by advising prospective employers that appellant occupied the position of Patient Care Assistant.[2]

---

[1] The hospital is a unit of local government of the State of Texas duly established for the governmental functions of providing medical and hospital care to the indigent or needy inhabitants of Harris County, Texas. *See* Tex. Health & Safety Code Ann. §§ 281.002, 281.0517(d)(2); *see also* Tex. Const. art. IX, § 4.

[2] The verbal contract is not consistently and clearly described by appellant. Appellant also described the contract as simply requiring the hospital to provide truthful, rather than false, references. In his reply filed in this court, which is not part of the appellate record, appellant describes the verbal contract as follows: "Appellant warned the Appellee Attorney, Sara Thomas not to retaliate against Appellant by giving false job reference [sic] to Appellant Potential Employers, she agreed, but she failed to honor her agreement."

Appellant brought the underlying suit against the hospital in 2018 alleging the hospital breached its verbal agreement by advising prospective employers that appellant was employed as a Patient Care Assistant I. Appellant also asserted claims of defamation and "intentional infliction of severe pu[]nishment" against the hospital. He argued that the hospital gave "false information about [appellant's] employment" because "[t]o say [appellant] was employed in the position of 'Patient Care Assistant I' is defamation of character . . . ." Appellant claims that he has been unable to get another job because of the false and damaging references provided by the hospital to his prospective employers. The hospital answered the suit and filed a plea to the jurisdiction, which the trial court granted.

## II. ANALYSIS

Appellant raises three issues in his appeal: (1) the trial erred in concluding that the hospital was performing a governmental function rather than a proprietary function; (2) the trial court failed to apply Civil Practice and Remedies Code section 101.025; and (3) the trial court erred in "[m]erely saying that governmental agency is immune to be sued without looking into the kind of function (governmental or proprietary)." We read appellant's argument broadly to challenge the trial court's determination that governmental immunity applied to deprive the trial court of subject-matter jurisdiction. *See* Tex. R. App. P. 38.9 (briefing rules to be construed liberally); *Minix v. Gonzales*, 162 S.W.3d 635, 637 n.1 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (pro-se appellant).

## A. Standard of review

Subject-matter jurisdiction is a question of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When a plea to the jurisdiction challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial

3

court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Id*. If the pleadings affirmatively negate jurisdiction, the plea should be granted. *Id*. at 227. When the plea challenges the existence of jurisdictional facts, we consider evidence submitted by the parties just as the trial court did. *Id*. We take as true all evidence favorable to the claimant, and we indulge all reasonable inferences in his favor. *Id*. at 228. If the evidence is undisputed or if it does not raise a fact question on jurisdiction, then the plea can be resolved as a matter of law. *Id*. If the evidence raises a fact question on jurisdiction, then the factfinder must resolve jurisdiction at trial. *Id*.

## B.  A hospital district does not engage in proprietary functions

Sovereign and governmental immunity are common-law concepts that generally protect the State and its political subdivisions from the burdens of litigation. *Harris Cnty. v. Annab,* 547 S.W.3d 609, 612 (Tex. 2018). "Sovereign immunity protects the state and its various divisions, such as agencies and boards, from suit and liability, whereas governmental immunity provides similar protection to the political subdivisions of the state, such as counties, cities, and school districts." *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)). Hospital districts have such immunity. *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp*., 283 S.W.3d 838, 842 (Tex. 2009); *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) (unit of state government is immune from suit and liability unless state consents).

Governmental immunity has two components: "immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit implicates a court's

subject-matter jurisdiction to decide a claim against the State. *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019). When a governmental defendant challenges jurisdiction on immunity grounds, the plaintiff has the burden to "affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Whitley*, 104 S.W.3d at 542. Immunity is waived only by clear and unambiguous language. *See* Tex. Gov't Code Ann. § 311.034 ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.").

Appellant's issues one and three are the same. Appellant does not dispute that the hospital is a governmental unit; rather, he maintains that the hospital's actions in allegedly providing false references to his potential employers, were proprietary functions as it was not acting on behalf of the state, only for itself.[3] Appellant believes the trial court erred by failing to analyze whether the hospital engaged in a proprietary function. Because a hospital district cannot engage in proprietary functions, we disagree with appellant.

The distinction between governmental and proprietary functions for purposes of waiving or retaining immunity arises under the Civil Practice and Remedies Code in a section entitled "Liability of a Municipality." *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.0215. However, this statute codifies a long-standing principle in Texas law that there is a distinction between municipalities and other governmental units for governmental-immunity purposes. *See City of Galveston v. Posnainsky*, 62 Tex. 118, 126 (1884) ("Counties and other

---

[3] Appellant also argues in his reply brief that the hospital's officials "acted ultra vires, and without legal authority in carrying out his (sic) duties" and therefore his claims against the hospital are not barred. However, appellant's petition does not allege any claims against a government official nor does he provide any explanation or authority for his argument that employees of the hospital acted without legal authority. Appellant cannot raise a new issue on appeal, nor can he raise a new issue in his reply brief. *See* Tex. R. App. 33.1(a), 38.3. Therefore, we do not consider this argument.

governmental corporations are created by the legislature by general laws without reference to the wish of their inhabitants, and thus for essentially public purposes" whereas cities are incorporated through special charters and are "enacted at the request of those who are to be most directly benefited by them and with a view to this end."). Municipalities are an exception to the general rule of governmental immunity because a municipality is not immune for its proprietary functions. *See Tooke*, 197 S.W.3d at 343.

However, a hospital district is not a municipality, and it is not treated as one under Texas law. *See Edinburg Hosp. Auth. v. Treviño*, 941 S.W.2d 76, 84 (Tex. 1997) (Hecht, J., concurring but delivering opinion of court on issue addressed) ("Unlike municipalities, hospital authorities have only governmental functions and thus have always been immune from liability for all their actions, except to the extent immunity is waived by the Tort Claims Act."). In *Treviño*, the supreme court addressed a hospital authority created under Health and Safety Code chapter 262, though its reasoning is applicable to a hospital district formed under Health and Safety Code chapter 281. *See id.* at 83; Tex. Health & Safety Code Ann. §§ 262.001–.050 (Municipal Hospital Authorities); Tex. Health & Safety Code Ann. §§ 281.001–.124 (Hospital Districts in Counties of at least 190,000). The definition of municipality does not include a hospital district formed under Health and Safety Code chapter 281, as the hospital here was. *See Treviño*, 914 S.W.2d at 84 ("We are not aware of an instance when 'municipality' is used to describe a governmental unit with a special, limited purpose, like a hospital authority."); *see generally* Tex. Loc. Gov't Code Ann. § 1.005(3); Tex. Gov't Code Ann. § 29.001. The hospital is a governmental unit within the meaning of section 101.001(3), but not a municipality.[4] *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3).

---

[4] Appellant relies upon several supreme court cases to support his argument that the

Thus, appellant's arguments concerning classification of the hospital's activities as governmental or proprietary are not relevant in this case. *See also Richardson Hosp. Auth. v. Duru*, 387 S.W.3d 109, 112 (Tex. App.—Dallas 2012, no pet.). We overrule issues one and three.

## C.      Appellant does not bring his suit within the waiver provisions of the Texas Tort Claims Act

In issue two, appellant argues that governmental immunity is waived by the Texas Tort Claims Act.[5] *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.025. However, appellant misreads the statute as providing a blanket waiver of immunity. Instead, the statute provides that governmental immunity is waived "to the extent of liability created by this chapter." *Id*. § 101.025(a). We next determine whether governmental immunity was waived with respect to appellant's tort claims or breach-of-contract claims.

The Texas Tort Claims Act waives immunity in three general areas: use of publicly-owned vehicles, premises defects, and injuries arising from conditions or use of property. Tex. Civ. Prac. & Rem. Code Ann. § 101.021; *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no writ). Appellant does not allege any facts related to the operation or use of a motor

---

hospital was acting in a proprietary function, rather than a governmental function. *See Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 433 (Tex. 2016) (addressing immunity of city); *Gates v. City of Dall*., 704 S.W.2d 737, 738 (Tex. 1986) (addressing immunity of a home-rule municipal corporation); *Dilley v. City of Hous*., 222 S.W.2d 992, 993 (Tex. 1949) (addressing immunity of city). All three of these cases address the immunity of a municipality or municipal corporation. Immunity applicable to a city or municipality varies because a city is not always acting "as the agent of the State in furtherance of general law for the interest of the public at large." *Gates*, 704 S.W.2d at 738–39. However, as discussed above, a hospital district is not subject to this analysis governing municipalities. *See Treviño*, 914 S.W.2d at 84.

[5] Appellant actually argues that sovereign immunity to sue is waived under Civil Practice and Remedies Code section 101.025. However, we construe his briefing liberally to argue that governmental immunity, as specifically referenced in Civil Practice and Remedies Code section 101.025, was waived. *See* Tex. R. App. P. 38.9.

vehicle, a premises defect, or the use or misuse of real property owned or controlled by the hospital. In his petition, appellant asserted two intentional-tort causes of action—defamation and "intentional infliction of severe pu[]nishment."[6] The Texas Tort Claims Act does not waive immunity for the alleged intentional torts of the hospital. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort . . . ."); *see Delaney v. Univ. of Hous.*, 835 S.W.2d 56, 59 (Tex. 1992) ("section 101.057(2) excludes from the Act's waiver of immunity claims for intentional torts"). Defamation is an intentional tort. *See Collins v. Ison-Newsome*, 73 S.W.3d 178, 182 (Tex. 2001) (defamation is intentional tort); *see also Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (defamation is intentional tort excluded from waiver of immunity). Defamation does not fall within a waiver of the hospital's immunity. Therefore, appellant does not bring his suit within the waiver provisions of the Texas Tort Claims Act.

**D.** **Appellant does not bring his suit within the waiver provisions of the Local Government Contract Claims Act**

Appellant's second cause of action is breach of contact. Though the hospital argues that appellant has waived his breach-of-contract claim on appeal, we construe appellant's briefing broadly. *See* Tex. R. App. P. 38.9. In his appellate briefing, appellant raised the waiver of immunity provision for breach-of-contract actions in the Local Government Code and confirmed in his reply that he had not abandoned his breach-of-contract claim. *See* Tex. Loc. Gov't Code Ann. §§ 271.151(2)(b), 271.153. Subject-matter jurisdiction may not be waived by the

---

[6] Intentional infliction of severe punishment is not a cause of action in Texas. Appellant did not raise this claim in his response to the plea to the jurisdiction, and he has not raised this claim on appeal. Therefore, we presume appellant has abandoned this claim. *See* Tex. R. App. P. 33.1.

parties and we are not confined to the precise arguments presented by the parties in addressing it. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

The Local Government Contract Claims Act[7] provides that a local government entity that "enters into a contract subject to this subchapter" waives immunity "for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter." Tex. Loc. Gov't Code Ann. § 271.152. It is not disputed the hospital is a local government entity under the meaning of the Local Government Contract Claims Act. The "subject to" phrase "incorporates the other provisions of the Act to define the scope of its waiver of immunity." *Hays St. Bridge Restoration Grp. v. City of San Antonio*, 570 S.W.3d 697, 706 (Tex. 2019) (quoting *Zachry Constr. Corp. v. Port of Hous. Auth. of Harris Cnty.*, 449 S.W.3d 98, 108 (Tex. 2014)). The hospital argued in its plea to the jurisdiction that the verbal contract alleged by appellant does not meet the statutory definition of a "contract subject to this subchapter." *See* Tex. Loc. Gov't Code Ann. § 271.151(2)(A) (defining term, in part, as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity"). We agree. Because the alleged contract upon which appellant bases his claims is verbal rather than written, there is no waiver of governmental immunity for appellant's breach-of-contract action. We conclude that appellant does not bring his suit within the waiver provision of the Local Government Contract Claims Act. We overrule issue two.

---

[7] Tex. Loc. Gov't Code §§ 271.151–.160; *see Zachry Constr. Corp. v. Port of Hous. Auth. of Harris Cnty.*, 449 S.W.3d 98, 105 (Tex. 2014).

### III.    CONCLUSION

Because appellant does not assert any claims against the hospital subject to a waiver of governmental immunity, we affirm the trial court's judgment as challenged on appeal.

/s/    Charles A. Spain
Justice

Panel consists of Justices Jewell, Spain, and Wilson.